Clark v. Strong.

A. F. CLARK, PLAINTIFF IN ERROR, V. JOHN P. STRONG, DEFENDANT IN ERROR.

. 1.  Election contest: APPEAL: BOND. In a contested election case, an appeal was taken to the district court, the bond being signed by sureties, but not by the appellant. On motion to dismiss, because the bond was not filed by the appellant, the motion was sustained. *Held,* To be error.

2.  Appeal: COSTS: STIPULATION. Where a party enters into a stipulation to pay all costs in case no appeal is taken, and fails to pay the costs, he cannot insist upon the stipulation to prevent an appeal.

ERROR to the district court for Colfax county. Tried below before POST, J.

*J. A. Grimison,* for plaintiff in error.

Appeal bond. *O'Dea v. Washington County*, 3 Neb., 118. Right of appeal. McCrary's Law of Election, §§ 316, 360, 382. *Kellar v. Chapman*, 34 Cal., 635. *Mann v. Cassidy*, 1 Brewster, 43. *People v. Holden*, 28 Cal., 139.

*Phelps & Thomas*, for defendant in error, cited: Wells' Law and Fact, § 633. *Lydick v. Korner*, 13 Neb., 10.

MAXWELL, J.

At the general election in November, 1881, the plaintiff and defendant were candidates for the office of superintendent of public instruction of Colfax county, the plaintiff receiving the certificate of election. The defendant thereupon contested his election in the county court, and on the trial the court found that 581 legal votes were cast for the defendant, and 580 for the plaintiff. Judgment was thereupon rendered in favor of the defendant. The parties then entered into a stipulation, in writing, that the defendant would pay all costs, which amounted to a very large sum, and the plaintiff would not appeal the cause. Whether this stipulation was valid or not is unnecessary to determine, as the defendant has wholly failed to comply with its terms, and therefore can claim nothing under it. It is a mere accord without satisfaction.

Within ten days from the rendition of the judgment, a bond, not signed by the plaintiff, but by sufficient sureties, was duly filed in the county court and approved, and an appeal taken. In the district court the defendant moved to dismiss the appeal. 1st. Because no proper bond for an appeal had been filed. 2d. Because the plaintiff had waived the right to appeal. The motion was overruled with leave to the defendant to file a supplemental motion. The defendant thereupon filed a supplemental motion to dismiss the appeal upon the ground that the appeal bond was filed

without the plaintiff's knowledge or consent. Several affidavits were filed to support the motion, which was sustained and the appeal dismissed. The question to be determined is, did the court err in dismissing the appeal for the cause stated?

Sec. 98 of the election law provides that a party against whom judgment is rendered may appeal to the district court, and shall "give a bond with security to be approved by the court." Sec. 100 is to the same effect, but different conditions being made. There is no time designated in the statute within which an appeal is to be taken, nor is the question of *time* raised by the motion. The statute does not require the appellant to sign the bond, the language being similar in meaning to sec. 1007 of the code. The bond therefore for the purposes of the motion was in proper form, and duly filed and approved. Whether it was filed by the direction of the plaintiff or not, he claims the benefit of the same, and was endeavoring to prosecute his appeal to effect when the cause was dismissed. The act in that regard may be compared to ratification by a principal of the acts of his agent. Proceedings in regard to appeals are construed very liberally in order to prese've the rights of parties, and prevent a failure of justice, and a party will not be deprived of this right, unless through his negligence he has failed to take the appeal within the time limited, or has failed in some other material matter to comply with the law.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.