THEODORE GALLIGHER V. AARON WOLF ET AL.

FILED MARCH 18, 1896.    No. 6316.

1. Appeal Bonds: ADDITIONAL SECURITY: PRACTICE. If, in an appeal to the district court from a judgment of a justice of the peace, the appeal bond is believed to be insufficient, it is proper for the appellee to file a motion asking the court to order a change or renewal of such undertaking.

2. ———: ———: ———: DISMISSAL NISI. In such a case, if the court is satisfied of the insufficiency of the appeal undertaking, it may make the order requested, and it is proper practice to fix the time within which such change or renewal shall be effected and to enter a dismissal of the action for a non-compliance with such order.

3. Conflicting Evidence: REVIEW. The finding of a trial court on conflicting testimony will not be disturbed on error or appeal, unless clearly and manifestly wrong.

4. Order for Sufficient Appeal Bond: EVIDENCE. The evidence examined, and *held* to sustain the findings of the trial court.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*David Van Etten,* for plaintiff in error.

*Smith & Sheean* and *Will H. Thompson,* contra.

HARRISON, J.

In an action commenced and in which there was a trial and judgment for defendants in justice court in Douglas county there was an appeal taken by the unsuccessful party to the district court, and during the pendency thereof the defendants moved the court to require the appellant to furnish a further and sufficient appeal

undertaking, for the alleged reason that the surety who signed the bond on file in the case was insolvent and judgment on the bond would be uncollectible. This motion was filed March 28, 1892, soon after the appeal was docketed in the district court, and on June 4, following its filing, was sustained on the showing, as to the facts involved, made by the party in whose interest it was filed, the other party offering no evidence, in form of affidavits or otherwise, on the points raised by the motion, and the appellant was ordered to furnish new and sufficient appeal undertaking within fifteen days. This order was not complied with, and on July 7, 1892, the defendant moved the court to dismiss the appeal because of such non-compliance. On July 11 another motion was filed for defendant, similar in terms, and the purpose sought to be attained, with that filed July 7, four days prior. The motion to dismiss was presented to the court and, on hearing, was sustained and the case dismissed at the cost of plaintiff. On the last mentioned date there was a motion filed for plaintiff to vacate the order made June 4, by which plaintiff was required to furnish a new and sufficient appeal bond, the ground of the motion being that the surety who signed the original undertaking was responsible and had justified when he executed it, or before its approval. On the 19th day of July plaintiff moved the court to vacate the order of dismissal of the action for stated reasons: "(1.) Said decision is contrary to law. (2.) Said order was irregularly obtained, without the knowledge or consent of plaintiff and by misconduct of the prevailing party." This motion was supported by affidavits, the statements of which

Galligher v. Wolf.

tended to show the responsibility of the surety
on the appeal undertaking, and what was claimed
to be irregularity in obtaining the order dismiss-
ing the case.   Contradictory affidavits were filed
on behalf of defendants, and, on the hearing,
plaintiff's motion to vacate the court's order dis-
missing the cause was overruled.   To secure a re-
versal of this ruling is the purpose of these pro-
ceedings.

It is contended that there was not sufficient
evidence to support the order of the court by
which the plaintiff was required to file a new and
sufficient appeal bond; and further, that, on the
facts as shown by the parties, the action of the
court in overruling the motion to vacate the order
of dismissal was erroneous and clearly opposed
to the weight of the evidence on such point.   If
the appeal undertaking was considered insuffi-
cient, it was proper for the appellee to file the
motion asking the court to order its change or
renewal (see sec. 1016, Code of Civil Procedure),
and for the court, if satisfied of its insufficiency,
to make the order requested; and it was proper
practice, although there did not exist any statu-
tory provision to such effect, to fix the time within
which such change or renewal should be effected
and also to enter a dismissal of the action for a
non-compliance with its order in respect to the
undertaking.   (*Robare v. Kendall*, 22 Neb., 677.)
We are satisfied from the record that the action
of the court in ordering the renewal of the appeal
undertaking was supported by sufficient evi-
dence; and further, that, in respect to the alleged
irregularities in obtaining the order dismissing
the case, the evidence was conflicting, and the
decision of the trial judge thereon entitled to

stand, from which conclusions it follows that the judgment of the trial court must be

AFFIRMED.