CHAMPION S. CHASE V. OMAHA LOAN & TRUST COMPANY.

FILED OCTOBER 20, 1898. No. 8324.

1. **Bond for Appeal:** COUNTY COURT. A bond given for the purpose of taking an appeal from a judgment rendered by a county court is not required to be signed by the appellant, but is sufficient if executed by a good and sufficient surety alone.

2. ———: ATTORNEY AS SURETY. A practicing attorney is not a proper surety on an appeal undertaking, but if he execute the same, the bond is not thereby rendered invalid.

3. ———: ———: COUNTY JUDGE. A county judge has no authority to eliminate from the files an appeal undertaking which he has approved, because the bond was signed by a practicing attorney.

4. ———: RENEWAL IN APPELLATE COURT. When an insufficient appeal bond is filed, the appropriate practice is to move in the appellate court for an order requiring a renewal of the bond by a time to be designated by the court, and in default thereof that the appeal be dismissed.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*Simeon Bloom* and *W. J. Connell,* for plaintiff in error.

*F. A. Brogan, contra.*

NORVAL, J.

The Omaha Loan & Trust Company recovered a money judgment against Champion S. Chase on November 8, 1895, in the county court of Douglas county. On the 16th day of the same month, and within the time prescribed by law, the defendant gave an appeal undertaking signed by the surety alone, which was on the same day approved by the county judge. Subsequently plaintiff filed a motion to strike the undertaking from the files, which was sustained, and a new bond ordered to be filed by a specified date, the county judge finding "that there is an irregularity in the execution of said undertaking, and that the same is voidable and should be stricken from the files." A transcript of the proceedings before the county court, including a copy of said undertaking, was filed by the defendant in the district court on December 5, 1895, and within the period fixed by statute for perfecting an appeal. Plaintiff thereafter filed a motion in the last named court to dismiss the appeal on the following grounds: (1.) No appeal bond was given and approved in the trial court. (2.) The pretended appeal bond was not executed according to law, and was ordered stricken from the files

by the county court. (3.) The surety on the bond was at the time of its execution a practicing attorney of Douglas county. This motion was sustained, and the appeal dismissed. To reverse this order defendant prosecutes error.

The first subdivision of the motion is without merit, since an appeal undertaking was executed and filed in the county court wherein the action was instituted and the surety thereon was duly approved by the judge of said court.

Neither the second nor third ground of the motion furnished sufficient reason for dismissing the appeal. The assignment that "the pretended appeal bond was not executed according to law" was too general to require consideration. Moreover, the undertaking was regular and valid on its face. True it was not signed by Mr. Chase, the principal therein and appellant. But that was wholly immaterial, and did not render the undertaking invalid. It has been ruled that a bond given to perfect an appeal from a justice's court is sufficient if signed by the surety alone. (*Clark v. Strong*, 14 Neb. 229; *Stump v. Richardson County Bank*, 24 Neb. 522.) Appeals from the county court are prosecuted in the same mode as causes tried in justice's court. (See Compiled Statutes, ch. 20, sec. 26.) The fact that the surety on the undertaking was a practicing attorney did not render the instrument a nullity. An attorney, under section 14, chapter 10, Compiled Statutes, is not a proper surety on an appeal undertaking, yet if he executes the same as surety, and the bond is approved, he is legally bound, and cannot escape liability on the ground that he was at the time a practicing attorney. The justice might have declined to approve this bond because the person signing was not a proper surety, but not having done so, the obligation was valid; and the fact that the surety was an attorney at law furnished no legal cause for striking the instrument from the files. (*Tessier v. Crowley*, 17 Neb. 207; *Luce v. Foster*, 42 Neb. 818.)

The transcript of the judgment rendered by the county court was filed in the district court, together with a copy of the appeal bond within the time fixed by law for docketing the appeal, which conferred jurisdiction of the cause on the last named court. If the appellee was dissatisfied with the appeal bond for any reason, the appropriate practice would have been to file a motion in the appellate court for an order requiring a change or renewal of the bond within a time to be fixed by the court, and on a failure to comply with such order enter a dismissal. (*Galligher v. Wolf*, 47 Neb. 589.) The district court gave no opportunity to the appellant to give a new bond, but peremptorily dismissed the appeal. This was substantial error. (*Rube v. Cedar County*, 35 Neb. 896.) The judgment is reversed and the appeal reinstated.

REVERSED.