THOMAS GANNON V. J. R. PHELAN, ADMINISTRATOR, ET AL.

FILED MARCH 19, 1902.   No. 11,241.

Commissioner's opinion, Department No. 1.

1. **Appeal Bond**: OBLIGEE. A bond given for the purpose of taking an appeal under the provisions of section 311 of chapter 23, Compiled Statutes, which runs to "the state of Nebraska" as obligee, instead of to the judge of the probate court, as required by said section, is not by reason thereof void.

2. ———: ———: AMENDMENT: NISI-ORDER: DISMISSAL. If the appellee is dissatisfied with the form of the bond, the appropriate practice is to move in the appellate court for an order requiring a new bond to be filed within a time designated by the court, and in default thereof that the appeal be dismissed.

3. **Peremptory Dismissal**: ERROR. In such case it is error to peremptorily dismiss the appeal without giving to appellant the opportunity to give a new bond.

4. **Right of Appeal**. By section 42, chapter 20, Compiled Statutes, a right of appeal is given to any person affected by any final order, judgment or decree of the county court in all matters of probate jurisdiction.

5. **Sufficient Facts**. Sufficient facts are shown in the record to authorize the appellant to appeal.

6. **Quaere**. Whether Thomas Gannon, as administrator, has the right to appeal, not determined.

ERROR from the district court for Box Butte county. Tried below before WESTOVER, J. *Reversed.*

*Francis A. Brogan* and *William L. McLaughlin,* for plaintiff in error.

*Nathan K. Griggs, contra.*

DAY, C.

This is a proceeding in error to review a judgment of the district court for Box Butte county, dismissing an appeal from a judgment of the county court of said county, in the estate of Maggie Gannon, deceased. The record shows that Thomas Langan filed a petition in the county court for Box Butte county, alleging that on October 4, 1898, Maggie Gannon died in Deadwood, Lawrence county, South Dakota, leaving no last will and testament; that she was possessed of certain real and personal property in Box Butte county; that petitioner was the father of the deceased; that Thomas Gannon was her surviving husband, and that there were no other heirs or representatives; and praying that an administrator be appointed. Upon this application J. R. Phelan was appointed administrator of said estate, and duly qualified and acted as such. On July 15, 1899, an order was entered approving the final account of said administrator, and directing the distribution of the personal assets, and ordering all of them to be delivered to Thomas Langan. An order was also entered as to certain real estate belonging to the estate. On July 17, 1899, Thomas Gannon applied to the court for an order fixing the amount of a bond for an appeal to the district court, and, upon hearing, the amount of such bond was fixed at $300, which was duly executed and approved by the court within the time allowed by law. This bond was signed by Thomas Gannon personally, and also by him as administrator of the estate of Maggie Gannon, deceased, appointed by the county court for Lawrence county, South Dakota, and also by the proper sureties. The obligee named in the bond was "the state of Nebraska." A duly certified transcript of the proceedings in the county court was filed in the district court on August 5, 1899, within the time prescribed by law. J. R. Phelan, as administrator, thereupon filed a motion to dismiss the appeal on the following grounds: "(1) That said appeal has not been had nor taken in the manner required by law; (2) that

no bond upon or for such appeal has been given or executed by appellants as required by law; (3) that appellants are not authorized by law to unite in the appeal of said cause to this court; (4) that the appellants are not and were not aggrieved by the order or decree appealed from, had and rendered by the court below; (5) that Thomas Gannon, as administrator, under appointment in the state of South Dakota, is not entitled to appeal this matter to this court, it appearing that appellee herein has been appointed as administrator of the estate of said deceased within the state of Nebraska, nor are said two appellants entitled jointly to have or maintain this appeal to this court." This motion was sustained and the appeal dismissed. To reverse this order Thomas Gannon prosecutes error.

The first and second subdivisions of the motion can be considered together, as they relate to objections based upon the form of the undertaking for appeal. The record shows that the appeal bond was filed within the time prescribed by law, and was duly approved by the judge of the probate court. This bond, however, ran to "the state of Nebraska" as obligee, instead of to the judge of the probate court, as required by section 311 of chapter 23 of the Compiled Statutes of 1901. It is urged that this defect is fatal to its validity, and that the district court acquired no jurisdiction of the case, and hence a dismissal of the appeal was the proper order to be made. The undertaking, although informal and irregular, is not, in our opinion, void, and was sufficient to invest the district court with jurisdiction. In bonds of this character the obligee is only a nominal party, and under our practice a suit upon it would be brought, not in the name of the obligee, but in the name of the party entitled to the protection of the bond. Cases involving questions of similar import have been considered by this court, and bonds running to an obligee other than the obligee designated by the statute have been held to be good. In the case of *Huffman v. Koppelkom*, 8 Nebr., 344, it was held: "The official bond of a sheriff is not void by

reason of its being given to the state, instead of the proper county, as obligee. This is but an irregularity which in nowise affects the liability of the sheriff or his sureties, in an action thereon for damage occasioned by official misconduct." In *Thomas v. Hinkley,* 19 Nebr., 324, it was held that a liquor dealer's bond, given to the village of Hebron instead of the state of Nebraska, was not therefore invalid, and that an action could be maintained upon it by any person aggrieved. But, conceding that the bond was irregular in form, and open to attack, the proper practice was for the district court to have required an amended bond to be filed within a reasonable time, and then, if not complied with, to enter an order of dismissal. In *Chase v. Omaha Loan & Trust Co.,* 56 Nebr., 358, an appeal bond had been signed by a practicing attorney, who, under the provisions of the statute, is not a proper person to become surety upon an appeal undertaking. On motion, the appeal was dismissed for want of a proper appeal bond. The court said: "If the appellee was dissatisfied with the appeal bond for any reason, the appropriate practice would have been to file a motion in the appellate court for an order requiring a change or renewal of the bond within a time to be fixed by the court, and on a failure to comply with such order enter a dismissal. *Galligher v. Wolf,* 47 Nebr., 589. The district court gave no opportunity to the appellant to give a new bond, but peremptorily dismissed the appeal. This was substantial error." *Rube v. Cedar County,* 35 Nebr., 896. In *Jacobs v. Morrow,* 21 Nebr., 233, it is said: "Where a bond has been duly approved by the officer whose duty it was to approve the same, it will be presumed that it conformed in all respects to the requirements of such officer, and it will not be void, even though some of the formalities of the law have not been complied with, provided the bond is filed within the time fixed by statute. The appellate court may permit or require a new bond to be filed, and will not dismiss an appeal where it is possible by an amendment to correct or replace an erroneous bond."

The other grounds of objection urged by the motion are, we think, without merit and to avoid repetition, will be considered together.

The record shows that Thomas Gannon was the surviving husband of Maggie Gannon, deceased. He was an interested party in the distribution of the assets of the estate. As the husband of the deceased, he was entitled to a life estate in the real estate, and entitled to an accounting from the administrator for the rents collected by him during his incumbency of the office of administrator. The order complained of, approving the final account of the administrator and distributing the assets, was one which affected him, and from which he had the right to appeal. Section 42 of chapter 20 of the Compiled Statutes provides as follows: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment or decree of the county court to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby." It seems clear that under this section Thomas Gannon had the right to appeal. The mere fact that the bond was also signed by "Thomas Gannon, as administrator of the estate of Maggie Gannon, deceased, duly appointed, qualified and acting in the county court of Lawrence county, South Dakota," does not in any manner affect the rights of Thomas Gannon individually in this appeal. We do not deem it necessary to a determination of the case now before us to decide whether Thomas Gannon, as administrator, was an interested or "aggrieved party," so as to entitle him in his official capacity to take an appeal from the order of the county court. If he was, there is no reason why he might not have joined with Thomas Gannon as an individual in this appeal. If he was not, then that portion of the bond and proceedings in appeal referring to him in his capacity as administrator may be treated as mere surplusage. The appeal brings the entire case up for review. The rule is now firmly established that, when any party or parties affected by a judgment or order file a sufficient bond, and

afterwards file a transcript within the time provided by law, the appellate tribunal is possessed of jurisdiction of the case. *McHugh v. Smiley,* 17 Nebr., 626; *Claflin v. American Nat. Bank,* 46 Nebr., 884. The appeal in this case does not involve any question as to joint or separate proceedings which might arise in a petition in error. Whether the appeal could be properly taken by Thomas Gannon personally, or by him as administrator, or whether he could appeal in both capacities, were not matters to be determined on a motion to dismiss the appeal. The fact that some one who was interested and affected by the order complained of had executed the required undertaking, which was duly approved, and that a transcript was filed in due time in the district court, was sufficient to give the court jurisdiction. In *Bower v. Cassels,* 59 Nebr., 620, it is held that an objection because of an alleged defect of parties "goes to the merits of the case, and can not be disposed of on a motion to summarily dismiss the appeal."

We are convinced that the district court erred in dismissing the appeal. We therefore recommend that the judgment be reversed and the cause reinstated in the district court.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause reinstated for further proceedings.

REVERSED AND REMANDED.