In re Guardianship of Charles Strelow, Incompetent.
Frank C. Schultz et al., Appellants, v. Louise
Feekin et al., Appellees.

Filed May 11, 1928. No. 25696.

*W. B. Comstock* and *M. L. Poteet,* for appellants.

*Meier & Meier* and *Robert R. Hastings, contra.*

Heard before Goss, C. J., Rose, Dean, Thompson and
Eberly, JJ.; and Redick, District Judge.

Thompson, J.

Frank C. Schultz, appellant herein, seeks to reverse a
judgment of the district court for Lancaster county dismissing an appeal from a judgment rendered by the county
court of such county.

The record reflects the following: An application in usual form was lodged with the county court of Lancaster county, praying that a guardian of the person of Charles Strelow be appointed, by reason of his incompetency caused by advanced age; and at the same time in the same court another application was filed asking the appointment of a guardian of his property, for the same reason. After due consideration thereof the court entered findings and judgment in favor of each applicant, and as a part of the judgment appointed Robert R. Hastings of Crete, Nebraska, guardian of the person of such Strelow, and the First Trust Company of Lincoln, a corporation, guardian of his property. Such guardians, after qualifying, entered upon their duties and were administering their respective trusts when Strelow died testate, a resident of such county. In his will he named appellant Schultz as executor and residuary legatee. The will was duly filed for probate in the county court of Lancaster county, and the First Trust Company was appointed special administrator of Strelow's estate, gave bond, and entered upon the discharge of its duties as such. In furtherance and in aid of the due administration of this estate, Hastings and the First Trust Company, who are appellees herein, each filed with such county court a petition and final report of their respective doings in the premises, and prayed that the same be by the court so received and approved. The First Trust Company alleged, among other things, that there had come into its possession moneys belonging to such Strelow in the sum of $22,352.50, also certain lands and a $1,000 Liberty bond; that such trust company had paid out for sundry expenses the sum of $432.18; that it should be compensated for its services as guardian of such Strelow's property; that it had become necessary during the administration of the trust for it to have legal advice and assistance, and that by reason thereof it employed Meier & Meier and the aforesaid Robert R. Hastings as attorneys, and that such attorneys should be awarded reasonable compensation for their services rendered; that there were claims for taxes filed by the county

treasurer of Lancaster county for the years 1922, 1923, and 1924, which should be properly disposed of by the court; and the trust company prayed that such accounting be allowed, that just compensation be made to it as guardian of Strelow's property, as well as to the guardian of his person, and to such attorneys so employed, that the guardians be discharged, and for other relief. Hastings prayed that his accounting be allowed, that he be awarded reasonable compensation for his services as guardian of Strelow's person, and for his discharge. The usual notice of such applications was duly and legally published. On hearing had, judgment was entered approving and allowing the reports of such guardians, directing payment of $400 to the trust company for its services, $800 to Hastings for his services as guardian of Strelow's person, $3,500 to Meier & Meier and Hastings for attorneys' fees, $147.31 to the county treasurer for taxes, $20.80 to pay the balance of court costs, and that the remaining sum of $17,052.21, together with the real estate and the Liberty bond, be turned over to the First Trust Company as the special administrator of the Strelow estate.

Frank C. Schultz, desiring to appeal from such judgment, procured and lodged with the county judge a bond in legal form, and, as a reason for his intervention, stated in such bond, as a preliminary thereto and as a part thereof, as follows:

"Whereas, there was entered in the county court of Lancaster county on or about the 4th day of May, 1926, an order in the matter of the guardianship of Charles Strelow allowing and approving the account of Robert R. Hastings and the First Trust Company as guardian of the person and estate of Charles Strelow, and making certain allowances to Robert R. Hastings, the First Trust Company, a corporation, and Meier & Meier, and to other persons; and, whereas, the undersigned Frank C. Schultz was by the last will and testament of Charles Strelow, now deceased, named as executor and residuary legatee and devisee of the estate of the said Charles Strelow, now deceased; and, whereas, the

First Trust Company was appointed by said county court and became special administrator of said estate of Charles Strelow; and, whereas, the said Robert R. Hastings and Meier & Meier have at all times been acting as attorneys for said special administrator; and, whereas, the interests of the said First Trust Company, Robert R. Hastings and Meier & Meier and others to whom allowances were made in said order above mentioned are antagonistic to the interest of said estate in this proceeding; * * * and, whereas, said Frank C. Schultz is aggrieved by said order and desires and intends to appeal therefrom."

This bond was by the judge of such county court filed and by him in all things duly approved. Appellant thereupon procured the county judge to transmit to the clerk of the district court within legal time a certified transcript of the record and proceedings relative to the matters appealed from. On the receipt thereof by the clerk such appeal was duly docketed in the district court.

Under the record as thus disclosed, certain nieces and a nephew of Charles Strelow, together with Hastings as guardian of his person, the trust company as guardian of his property, and the trust company as special administrator of his estate, and as administrator with will annexed of the estate of Theodore Strelow, deceased, interposed a joint motion in the district court, which, in substance, presents the following reasons why the appeal should be dismissed, to wit: That the judgment is final as to appellant, he not having moved to set the same aside in the county court; that he is not a party to the suit, is without interest therein, and is without authority to prosecute an appeal. This motion came on for hearing, without evidence, was sustained by the court and judgment entered dismissing the appeal. A motion for a new trial was interposed, alleging, in substance, among other things, that the ruling of the court in sustaining the motion and dismissing the appeal was contrary to law; further that such ruling was a denial to appellant of rights vouchsafed to him by chapter 15, art. XV, Comp. St. 1922. This motion was overruled, and

appeal is had to this court, presenting as error the sustaining of the motion to dismiss the appeal.

Section 1471, Comp. St. 1922 (which is a part of the above article) reads as follows: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby." As to whether or not the matters under consideration are controlled by such article depends somewhat upon the proper construction of the words "in all matters of probate jurisdiction." Do these words, as used in such section, apply to a guardianship proceeding as evidenced by this instant case?

In 1 Bouvier's Law Dictionary (Rawle's 3d Rev.) p. 712, we find the following: "Court of Probate. In American Law. A court which has jurisdiction of the probate of wills and the regulation of the management and settlement of decedents' estates, as well as a more or less extensive control of the estates of minors and other persons who are under the especial protection of the law."

In 6 Words & Phrases Judicially Defined, p. 5628, the word "probate" is thus defined: "Probate originally meant merely relating to proof, and afterward relating to the proof of wills. Yet in the American law it is now a general name or term used to include all matters of which probate courts have jurisdiction, which are usually the estates of deceased persons and of persons under guardianship."

That the words "probate jurisdiction" as used in section 1471 heretofore quoted were by the legislature intended to and do include the appointment of guardians and the administration of their wards' estates, as well as the administration of estates of deceased persons, is evidenced by section 1473 of such article XV, wherein it is provided:

"Every party so appealing shall give bond. * * * The bond shall be filed within thirty days from the rendition of such decision. But an executor, administrator, guardian or guardian *ad litem* shall not be required to enter into bond

in order to enable him to an appeal. If it shall appear to the court that such an appeal was taken vexatiously or for delay, the court shall adjudge that the appellant shall pay the cost thereof, including an attorney's fee to the adverse party, the court to fix the amount thereof, and such bond shall be liable therefor in cases where it is required."

We conclude that section 1471 includes, and is applicable to, not only the administration of estates of deceased persons, but the appointment of guardians of minors and incompetents and the administration of their respective estates as well. Hence, as we are convinced that the matters to which we are giving our present consideration are of "probate jurisdiction," we are constrained to hold that the giving and approval of the bond in the county court, and the filing of the transcript in the district court, as evidenced by this record, invested the district court with jurisdiction. This being true, on the action being docketed in the district court, then it became the duty of that court to overrule the motion to dismiss the appeal, and direct the formation of issues so that the questions both of law and fact could be by it in the usual manner determined. Such determination could not be had on a motion to dismiss the appeal, as the record presented a litigable question for the court's consideration (which could only be solved by evidence introduced at such hearing), to wit: Did the appellant have an interest in the estate affected by the allowance of the recommendations of the petitioners, or either thereof; and, if so, did the judgment rendered in the county court prejudicially affect such interest?

As we said in *Gannon v. Phelan*, 64 Neb. 220, 224, in the course of our opinion therein, in construing what is now section 1471 of our Statutes: "The appeal brings the entire case up for review. The rule is now firmly established that, when any party or parties affected by a judgment or order file a sufficient bond, and afterwards file a transcript within the time provided by law, the appellate tribunal is possessed of jurisdiction of the case. * * * Whether the appeal could be properly taken by Thomas Gannon personal-

ly, or by him as administrator, or whether he could appeal in both capacities, were not matters to be determined on a motion to dismiss the appeal."

Under such section 1471, an appeal will lie from an order allowing claims against the estate of an incompetent under guardianship, notwithstanding no answer or objection was filed against such claims and the appeal is had by one whose name does not appear as a party to the action, if by such allowance the party appealing is affected. *Herman v. Beck,* 68 Neb. 566.

A pertinent similarity between the case of *Gannon v. Phelan, supra,* and this instant case is that Thomas Gannon, the appellant therein, as Schultz, appellant herein, was not named as a party to the action in the county court, and neither did he appear at the trial nor move to set aside the judgment, but, simply as one affected by such judgment, appealed therefrom. It might further be observed that the appellees herein, Louise Feekin, Mary Roop, and Robert Strelow, were in the same category as appellant Schultz, in that they were not named as parties to the county court proceedings.

Our holding herein should not be construed to mean that a motion to dismiss an appeal would not be forceful in a case where the record is such as to clearly show that one or more of the conditions of the bond have been breached, or that the appeal has not been perfected within statutory requirements.

As we view this record, it is determined by us that the appellant was prejudicially affected by the judgment rendered in the county court, that he was entitled to appeal therefrom to the district court, and that reversible error was committed by such court in sustaining the motion to dismiss the appeal from the county court.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.