IN RE ESTATE OF ANNIE KOTHE.
MARIE GONSCHIOR, APPELLEE, V. HENRY DREWES, SR., ET AL., ADMINISTRATORS, APPELLANTS.

FILED DECEMBER 11, 1936. No. 29696.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ.

GOOD, J.

The opinion appearing *ante*, p. 531, 268 N. W. 464, was adopted by this court after the original submission of this cause. Motion for rehearing was filed, and, by direction of this court, a reargument of the cause has been had on such pending motion.

The cause originated in the county court where the administrators of the estate of Annie Kothe, deceased, filed reports of their doings, together with a final report and petition praying final settlement of their accounts. Marie Gonschior, sole heir at law, filed objections to the report. After a hearing thereon and decree in the county court, Gonschior appealed to the district court. In the district court the administrators moved for a nonsuit because the heir at law had not filed a petition in that court within 50 days after rendition of the judgment in the county court, and also a motion to dismiss the appeal on the ground that the appeal bond was insufficient to give the district court jurisdiction. The defects assigned with respect to the appeal bond were that the bond was signed by only one surety, and that such surety was an attorney for Miss Gonschior. These motions were overruled. After hearing and judgment in the district court, the administrators have appealed to this court, and the only errors assigned here relate to the overruling of the motions to nonsuit and to dismiss.

Section 21-1306, Comp. St. 1929, provides: "In all cases of appeal from the county court * * * the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court."

The administrators contend that the heir at law is the plaintiff and, under this statute, was required to file a petition in the district court within the time designated,

and that having failed to do so motion for nonsuit should have been sustained. We think this contention is unsound. The proceeding in the county court was instituted by the administrators in filing their final report and petition seeking its approval and allowance and for their discharge. They invoked the jurisdiction of that court and sought relief by their action. Pursuant to statute, notice was given of the hearing. The heir at law appeared, filed objections, contested the application of the administrators for discharge, and objected to allowance of their report on numerous grounds. While opposing litigants in that case were not designated as plaintiff and defendant, yet the administrators were the ones who instituted the proceedings and therefore stand as the plaintiffs. The heir at law resisted the demands of the administrators and occupies the position of defendant. We are of the opinion that, under the statute, it was the duty of the administrators to file petition in the district court and that such duty did not rest upon the heir at law. The motion for nonsuit was properly denied.

The administrators contend that the court erred in overruling their motion to dismiss the appeal. In this court they assigned as a ground of such error that the bond was not approved by the county court. That ground, however, was not presented to the district court, and no ruling was had thereon in that court. This court is one of review only, to determine if the district court committed error. It did not, and could not, commit error upon a question that was not submitted to it. Where such question is raised for the first time in this court, it will be disregarded.

In an appeal from the judgment of the county court in a probate proceeding, the statute requires an appellant to give a bond and to file a transcript, and, upon filing such transcript in the district court, that court becomes possessed of the action. Comp. St. 1929, sec. 30-1606. This court has frequently held that where a bond is given, even if defective, still the court has obtained jurisdiction,

and that the proper procedure is for the adverse party to move to compel the appellant to give a proper bond in an amount and condition as required by law; that the district court should order such bond to be given within a definite period and, upon failure to comply with the order of the court, the action may be dismissed.

In *Jacobs v. Morrow*, 21 Neb. 233, 31 N. W. 739, among other things this court said (p. 236) : "Where a bond has been duly approved by the officer whose duty it was to approve the same, it will be presumed that it conformed in all respects to the requirements of such officer, and it will not be void, even though some of the formalities of the law have not been complied with, provided the bond is filed within the time fixed by statute. The appellate court may permit or require a new bond to be filed, and will not dismiss an appeal where it is possible by an amendment to correct or replace an erroneous bond."

*Rube v. Cedar County*, 35 Neb. 896, 53 N. W. 1009, was an action in which a taxpayer appealed from the allowance of a claim by the county board, and the appeal bond did not comply with the statutory requirements. This court held that the proper procedure was that the district court should give opportunity to file a new and sufficient undertaking in the district court.

In *Galligher v. Wolf*, 47 Neb. 589, 66 N. W. 645, where, in an appeal from the justice court to the district court, the appeal bond was insufficient, this court held that the proper practice was for the appellee to move to require either change or renewal of the bond, and that the district court should make an order, fixing the time within which the new bond should be given, and direct a dismissal of the action for noncompliance with such order.

In *Chase v. Omaha Loan & Trust Co.*, 56 Neb. 358, 76 N. W. 896, wherein there was an appeal from the county court to the district court, it was held: "When an insufficient appeal bond is filed, the appropriate practice is to move in the appellate court for an order requiring a renewal of the bond by a time to be designated by the

court, and in default thereof that the appeal be dismissed."

In *Gannon v. Phelan,* 64 Neb. 220, 89 N. W. 1028, there was an appeal from the county court to the district court, and this court held:

"If the appellee is dissatisfied with the form of the bond, the appropriate practice is to move in the appellate court for an order requiring a new bond to be filed within a time designated by the court, and in default thereof that the appeal be dismissed.

"In such case it is error to peremptorily dismiss the appeal without giving to appellant the opportunity to give a new bond."

In *State Savings & Loan Ass'n v. Johnson,* 70 Neb. 753, 98 N. W. 32, this court held: "An appeal bond signed only by the judgment debtors, if approved by the justice rendering the judgment, is sufficient to confer jurisdiction on the appellate court to have the defect corrected."

In *Northrup v. Bathrick,* 78 Neb. 62, 110 N. W. 685, an appeal was taken from the county court to the district court, and this court held:

"It is error for the district court to dismiss an appeal from the judgment of a county court for an insufficient bond, where the bond given contains all the statutory provisions and is signed by a surety and approved by the county judge.

"If such bond is defective appellant should be allowed to provide a new and sufficient bond."

In *In re Estate of Hoagland,* 128 Neb. 219, 258 N. W. 538, there was an appeal from the county court to the district court in a probate proceeding. This court held: "The term 'proceeding,' as employed in sections 20-852 and 20-853, Comp. St. 1929, includes the 'filing of an appeal bond' to obtain a review of a judgment of the county court in a probate proceeding, and the right of amendment of such bond is within the purview of, and governed by, the sections referred to herein."

The previous rulings of this court upon the propositions

here involved clearly show that this jurisdiction is committed to the rule that, where a defective appeal bond in a probate proceeding is filed within the time prescribed by statute, the proper procedure for the appellee is to move to require a proper bond to be given within a time designated by the district court, and, upon failure to comply with the order, that the appeal may be dismissed. The appeal bond given in the instant case is admittedly defective. It was sufficient, however, to give the district court jurisdiction. The motion of the administrators was for a dismissal and was not to require the appellant to give a bond in form and substance as required by statute. The motion was not made until the case was called for trial. Had the administrators made a proper motion, it no doubt would have been sustained. The rulings of the trial court on the motions were in conformity with the former holdings of this court.

It is true, as pointed out in the former opinion, that there are many cases arising from appeals in misdemeanor actions, wherein this court has held that the giving of a bond in such cases, in the form and on the conditions substantially as required by statute, is necessary to give the appellate court jurisdiction; but such has not been the rule in civil cases and probate proceedings.

The record in this case does not disclose error prejudicial to the administrators. Our former opinion is vacated, and the judgment of the district court, with respect to the rulings complained of, is

AFFIRMED.