THE 20'S, INC., A NEBRASKA CORPORATION, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

212 N. W. 2d 344

Filed November 23, 1973. No. 38990.

Robak & Geshell, for appellant.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from a judgment of the District Court for Lancaster County affirming an order of the Nebraska Liquor Control Commission suspending for a period of 21 days the class C liquor license of the plaintiff for the offense of selling liquor to a minor. On appeal the plaintiff assigns as error: (1) The evidence is insufficient to support the findings of the commission;

(2) the findings are arbitrary and capricious; (3) the court and the commission erred in not finding as a matter of law that the plaintiff was trapped into a violation because law enforcement officials had furnished the minor with a false identity card; and (4) the court and the commission erred in not finding that the plaintiff had used due diligence in attempting to discover the age of the violator. We affirm.

The argument of the plaintiff indicates that the several assignments blend into one central issue, namely, that this court hears the case de novo under the provisions of section 84-918, R. R. S. 1943, and ought to find as a matter of law that the defense of entrapment existed.

A brief summary of the evidence before the commission is necessary. The plaintiff operates a liquor by the drink establishment in the city of Columbus. One Philip Dreyer, a minor of the age of 17 and a resident of South Dakota, had, along with Allen Aden, aged 22 and also a resident of South Dakota, been hired by law enforcement officials as undercover agents in an investigation of drug law violations in the city of Columbus. On June 17 and 18, 1971, both agents entered the plaintiff's establishment and on each occasion the plaintiff dispensed beer to Dreyer. Dreyer and Aden both testified that the plaintiff's employees made no inquiry concerning Dreyer's age nor did they ask for identification and proof of age. Dreyer and Aden described the waitress who served them.

Witnesses for the plaintiff were Alford Cluver, the sole stockholder of the plaintiff, and his daughter, Gerry, aged 18. Gerry's job was to check identifications. Cluver apparently was not present in the establishment on June 17 and 18 at the pertinent times. Gerry was present. Both testified the business employed no waitress meeting the description given by Dreyer and Aden. Dreyer and Aden described the waitress as being heavyset, about 5 feet 10 inches in height, and about 38 to

45 years of age. Cluver and his daughter described the waitress on duty at the time as about 5 feet 2 inches to 5 feet 4 inches tall, heavy-set, and about 28 years of age. They both testified that it was the practice to check identification of age of all persons who appeared to be under age, but that on occasion when they were busy some persons might be missed. Dreyer and Aden testified that when they entered the establishment there was a person who appeared to be checking identifications at one of the booths, but that no inquiry was made of them.

The waitress who was actually on duty at the time was not called by either party as a witness, nor was another employee of the plaintiff who was described as a manager of waitresses.

There was no direct contradiction of the testimony of Dreyer and Aden that Dreyer was served and that no inquiry of age was made. Dreyer acknowledged that on June 17 and 18, 1971, he had on his person an identity card furnished by law enforcement officials which falsely showed that he was of legal age. He testified that on June 17 and 18, 1971, he never exhibited the false identity card and was not asked to. Neither party adduced any evidence to show for what purpose Dreyer entered the establishment; whether as part of his duties as an investigator of drug offenses, a purely personal entry to obtain a beer, or to induce a liquor law violation.

It seems clear from the foregoing recital that a finder of fact could accept the testimony of Aden and Dreyer that in fact no inquiry was made to determine Dreyer's age and that there had been no reliance by the plaintiff upon the false identification furnished to Dreyer.

We first examine plaintiff's contention in connection with section 84-918, R. R. S. 1943. That statute provides: "An aggrieved party may secure a review of any final judgment of the district court under sections 84-917 to 84-919 by appeal to the Supreme Court. Such appeal shall be taken in the manner provided by law for appeals to the Supreme Court in civil cases and

shall be heard de novo on the record." Section 84-917, R. R. S. 1943, is a part of the same act pertaining to administrative procedure and this particular section lays down rules for appeals to the District Court from the order of the administrative agency. We have held that it is applicable to appeals by the licensee from order of the Nebraska Liquor Control Commission suspending a license. Happy Hour, Inc. v. Nebraska Liquor Control Commission, 186 Neb. 533, 184 N. W. 2d 630.

Section 84-917, R. R. S. 1943, provides that a person aggrieved by final decision in a contested case is entitled to judicial review. It provides for the initial review in the District Court without a jury and on the record before the agency. It provides in part: "(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is:

"(a)  In violation of constitutional provisions;

"(b)  In excess of the statutory authority or jurisdiction of the agency;

"(c)  Made upon unlawful procedure;

"(d)  Affected by other error of law;

"(e)  Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or

"(f)  Arbitrary or capricious."

The plaintiff contends that the provisions of section 84-918, R. R. S. 1943, providing for de novo review in this court, mean that we examine the record and reach an independent conclusion without reference to the findings of the commission or those of the District Court. The commission contends that our review of its decision is governed by the criteria of section 84-917(6), R. R. S. 1943, as is the review by the District Court.

The statute does not make clear which meaning is intended. We believe the commission's contention is

essentially correct. If, for example, under criteria (6) (e) there is before the commission substantial evidence which would support a finding either way, neither the District Court nor this court should disturb the commission's finding. In such a case and where fact findings under criteria (6) (e) are involved, we review the decision of the District Court only to determine that it and the commission have applied the proper criteria, and it is in this sense that we review de novo.

That much, it seems to us, is quite clear where the questions being reviewed are findings of fact. Applying the foregoing principle to this case it is clear that the evidence does not require a finding of entrapment in fact. We point out that whether the legal defense of entrapment exists might depend upon findings of fact upon disputed evidence or evidence from which different inferences might be drawn. That is the case here. On the other hand, where the evidence is undisputed or where only one inference can reasonably be drawn, the question whether the legal defense of entrapment exists may be a question of law. In the latter instance it would be for the District Court in the first instance and this court on appeal here to say whether as a matter of law such facts give rise to the legal defense of entrapment. In this sense too the court is hearing the matter de novo. For example, if it were undisputed that Dreyer was asked for proof of age and then exhibited the false identity card furnished him by the authorities and thus induced the illegal sale, it would seem clear that the defense of entrapment existed as a matter of law. Cf. Sorrells v. United States, 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed. 413, 86 A. L. R. 249. On the other hand, if the evidence as to whether Dreyer had been asked for identification and then exhibited the false identity card was disputed, then the determination made by the commission would be respected as long as substantial evidence supported that determination.

It would seem that under criteria (6) (a), (b), (c),

and (d) questions of law including constitutional and statutory construction are presented and we review de novo just as we do in any other case where we are bound by the Constitution and the statutes of this state to make the final determination of what the law is.

We recognize that all cases are not as clear-cut as this one, nor as the examples we have posited, and that it is not always easy to determine whether a given situation presents a question of fact or of law, or one that is mixed.

Where there is substantial evidence supporting the agency's determination it does not appear that the independent determination of the facts by us upon the agency's record would serve any practical purpose. Under the statutory scheme outlined if this court were required to make an independent factual determination on the record then there would be no rational purpose for the limitation which the statute places upon the District Court's review.

We therefore hold that where substantial evidence supports the finding of the Nebraska Liquor Control Commission we do not, under the provisions of subsection (6) (e) of section 84-917, and section 84-918, R. R. S. 1943, make independent findings of fact without regard to the finding of the commission and the District Court, but only determine whether the District Court has applied the proper criteria.

The interpretation which we here place upon the statute conforms to the most generally accepted standards of judicial review of administrative decisions. See, Administrative Law and Process in a Nutshell, Gellhorn, C. XII, p. 262.

We note that the Legislature has not provided a single mode and standard for review of all administrative decisions. We must therefore consider in the review of a decision of any particular administrative body any special rules which the Legislature has laid down especially for examination of a particular agency's rul-

ings. See, e.g., § 81-884.02, R. R. S. 1943; Gillespie v. State Real Estate Commission, 172 Neb. 308, 109 N. W. 2d 305. The statutory pattern for judicial review varies even for different types of decisions of the same agency. See, § 53-1,116(8), R. R. S. 1943; The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N. W. 2d 369 (revocation of license); C & L Co. v. Nebraska Liquor Control Commission, *ante* p. 91, 206 N. W. 2d 49 (denying license).

AFFIRMED.