REGGIE HAEFFNER, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF PUBLIC INSTITUTIONS, ET AL., APPELLEES.

371 N.W.2d 658

Filed August 2, 1985.   No. 83-930.

Steven D. Burns of Steven D. Burns, P.C., for appellant.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Reggie Haeffner appeals from the judgment of the district court for Lancaster County. The district court affirmed the decision of the personnel board of the State of Nebraska terminating Haeffner's employment with the Department of Public Institutions of the State of Nebraska. After a hearing on allegations that Haeffner had cashed checks for patients at the Lincoln Regional Center and had supplied a controlled

substance to patients at the center, the personnel board voted to terminate Haeffner's employment due to his violation of existing rules adopted by the Department of Public Institutions. Haeffner appealed to the district court under the Administrative Procedures Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981). Upon a review of the record of proceedings before the personnel board, the district court modified and affirmed the personnel board's decision terminating Haeffner's employment. We affirm.

Haeffner was employed by the Department of Public Institutions in 1980 as a Security Specialist I at the Lincoln Regional Center. Haeffner's duties involved supervision of patients in the center's security building. At the regional center on July 19, 1982, Haeffner's supervisor accused him of delivering a controlled substance, LSD, to some patients. The supervisor's accusation, if true, constituted Haeffner's violation of rules promulgated by the Department of Public Institutions. The department suspended Haeffner from employment and investigated the supervisor's accusation. The investigation not only supported the controlled substance charge but also revealed that Haeffner had cashed checks for patients, also a violation of departmental rules. Following this investigation, on August 2 Haeffner's employment was terminated as a result of his violating departmental rules concerning check-cashing for patients and illegally delivering a controlled substance to patients. Haeffner filed a grievance and requested a hearing before the personnel board.

At Haeffner's hearing before the personnel board on February 17 and March 17, 1983, six witnesses testified about Haeffner's supplying LSD to patients or the subsequent departmental investigation of Haeffner's activities. The evidence presented to the personnel board showed that Haeffner had cashed checks for patients but that cashing checks was a common practice among security specialists and other employees at the regional center in order to gain a patient's confidence and cultivate a better relationship with patients.

Specifically, evidence presented at Haeffner's hearing before the personnel board shows that on July 17, 1982, a patient at the

regional center was found to be under the influence of LSD. That patient claimed he received LSD from another patient who in turn claimed to have received the LSD from Haeffner. The patient who initially received the LSD testified Haeffner had delivered seven or eight pieces of paper called "blotter acid," when Haeffner handed him a cup of coffee and held the blotter acid against the cup. In this manner Haeffner delivered the blotter acid, each about the size of a fingernail. This transaction was the basis for Haeffner's ultimate dismissal.

Haeffner, apart from presenting witnesses testifying about his good character, presented no evidence in his defense except his own testimony.

On April 21, 1983, the personnel board found against Haeffner and approved termination of Haeffner's employment, finding that the State's witnesses had given credible and consistent testimony.

Haeffner appealed to the district court pursuant to § 84-917 for judicial review of the personnel board's decision. In his petition filed in the district court, Haeffner alleged that the decision of the personnel board was not supported by competent, material, and substantial evidence and that the personnel board made its decision arbitrarily and capriciously with improper motivation, for example, bias. As required by § 84-917(5), the district court reviewed the record made before the personnel board. Section 84-917(6) pertaining to a district court's review of an agency's decision provides:

The court may affirm the decision of the agency [personnel board] or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioner [Haeffner] may have been prejudiced because the agency decision is:

(a) In violation of constitutional provisions;

(b) In excess of the statutory authority or jurisdiction of the agency;

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review; or

(f) Arbitrary or capricious.

During Haeffner's hearing before the district court, the judge asked Haeffner's attorney: "[Court] It sounds to the Court that basically it's a question of credibility of witnesses; is the Court correct on that? [Counsel] I think that's a fair statement, Your Honor."

The district court, in applying the standards set forth in § 84-917(6), concluded:

[W]hile some of the witnesses were inmates at the Lincoln Regional Center their testimony appears to be consistent and believable; there was evidence that one patient was under the influence of LSD on July 17, 1982, that he had obtained the drug from a patient who testified that he had received the LSD from Mr. Haeffner having paid for the same by Mr. Haeffner cashing his check and retaining part of the proceeds therefrom for the LSD; that there was corroboration by another patient who testified that Mr. Haeffner had previously delivered controlled substances to him under similar circumstances; that there was evidence and corroboration that a check had passed from the patient to whom the LSD was delivered to Mr. Haeffner and Mr. Haeffner admitted that he had cashed the inmate's paycheck.

. . . Except as hereinbefore stated the decision of the Board was supported by competent, material and substantial evidence in view of the entire record as made on review and the termination for possession and delivery of drugs was not arbitrary or capricious.

. . . [T]he only issue raised on the appeal at time of trial was whether there was competent, material and substantial evidence to uphold the termination of the plaintiff-appellant as Security Specialist I at the Lincoln Regional Center.

The court concluded that Haeffner's cashing checks for patients at the regional center did not constitute a sufficient ground for termination of employment, absent a showing of consistent enforcement of departmental rules prohibiting such activity. As authorized by § 84-917(6), the district court modified the personnel board's decision to terminate

Haeffner's employment on account of the check-cashing incidents. The district court then affirmed Haeffner's dismissal from employment because Haeffner had delivered LSD to patients in the regional center. Haeffner has appealed to this court.

Of the 14 separate assignments of error alleged for appeal to this court, 12 of Haeffner's alleged errors relate to application of the correct law pertinent to Haeffner's hearing before the personnel board; for example, proper allocation of the burden of proof and applicable rules of evidence. As such, those 12 errors claimed by Haeffner are classified as questions of law, whereas the remaining two errors claimed by Haeffner are directed to the evidence before the personnel board as a basis for the decision to terminate Haeffner's employment. These last two questions, whether there was substantial, competent, and material evidence supporting the personnel board's decision and whether the personnel board acted arbitrarily or capriciously in reaching its decision, were the only questions presented to the district court in Haeffner's petition for judicial review of the agency's decision.

In disposing of an appeal the Supreme Court considers only those errors which are properly assigned and presented to this court. See *Lincoln Co. Sheriff's Emp. Assn. v. Co. of Lincoln*, 216 Neb. 274, 343 N.W.2d 735 (1984). Where a cause has been appealed to the Supreme Court from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal to this court. In the absence of plain error, where an issue is raised for the first time in the Supreme Court, it will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition. See *In re Estate of Kothe*, 131 Neb. 780, 270 N.W. 117 (1936).

In *Metropolitan Utilities Dist. v. Merritt Beach Co.*, 179 Neb. 783, 792, 140 N.W.2d 626, 633 (1966), we held:

" 'No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " . . . "A constitutional question should

be raised at the earliest practical opportunity."
(Citation omitted.)

If questions about constitutional rights may be waived by failure to properly assert such questions at the earliest possible time, questions not constitutional in nature may, likewise, be waived by failure of timely presentation. Section 84-917(6) authorizes judicial review concerning law applicable to proceedings before an administrative agency. In his petition filed in district court, Haeffner did not assert any error attributable to incorrect application of law pertaining to proceedings before an administrative agency. By specifying in his district court petition only questions about the type of evidence before the personnel board and possible arbitrariness or capriciousness on the part of the board in reaching its decision, Haeffner waived any other error which may have occurred regarding the personnel board's decision.

We now proceed to determine whether the personnel board's decision to terminate Haeffner's employment was supported by appropriate evidence and whether the board acted arbitrarily or capriciously in deciding to terminate Haeffner's employment.

The Administrative Procedures Act, § 84-918, provides:

> An aggrieved party may secure a review of any final judgment of the district court under sections 84-917 to 84-919 by appeal to the Supreme Court. Such appeal shall be taken in the manner provided by law for appeals to the Supreme Court in civil cases and *shall be heard de novo on the record*.

(Emphasis supplied.)

In *The 20's, Inc. v. Nebraska Liquor Control Commission*, 190 Neb. 761, 212 N.W.2d 344 (1973), we held that in reviewing an agency's decision, the Supreme Court could not make independent findings of fact and stated:

> Where there is substantial evidence supporting the agency's determination it does not appear that the independent determination of the facts by us upon the agency's record would serve any practical purpose. Under the statutory scheme outlined if this court were required to make an independent factual determination on the record then there would be no rational purpose for the limitation

which the statute places upon the District Court's review. *Id.* at 766, 212 N.W.2d at 347.

Subsequently, in *Weiner v. State ex rel. Real Estate Comm.*, 214 Neb. 404, 406, 333 N.W.2d 915, 917 (1983), we stated: "The standard of review to be employed by both the District Court and this court is whether the order of the commission was supported by competent, material, and substantial evidence and whether the order is arbitrary or capricious."

However, upon reexamining the statutory scheme for judicial review of an administrative agency's decision, we feel that the appropriate standard of review for the Supreme Court is found in § 84-918, which prescribes a review of an agency's decision de novo on the record without the limitations imposed on the district court under § 84-917(6)(e) and (f). Therefore, any previous decisions by this court holding that the Supreme Court's review of an agency's decision under the Administrative Procedures Act is other than a review de novo on the record, as exemplified by *The 20's, Inc. v. Nebraska Liquor Control Commission, supra,* and *Weiner v. State ex rel. Real Estate Comm., supra,* are overruled. While stating that the standard now applicable for the Supreme Court's review of an agency's decision is de novo on the record, we reiterate that a district court's standard of review, however, is prescribed by § 84-917(6), irrespective of the standard used by this court in reviewing an agency's decision.

After reviewing the record de novo, we find that the personnel board's decision is correct. Numerous witnesses testified that Haeffner supplied controlled substances to them while they were patients at the regional center. Haeffner tries to make much of the fact that witnesses offering direct testimony against him were involuntary patients at the regional center and suffered from some mental infirmities. However, testimony from patients, as witnesses against Haeffner, was strikingly similar to testimony from other witnesses and, contrary to Haeffner's contention, was reasonably consistent with testimony from other witnesses. The personnel board found such patients and witnesses credible, as do we. There is sufficient evidence in the record justifying the decision of the personnel board in terminating Haeffner's employment.

Arbitrary and capricious action, in reference to action of an administrative agency, means action taken in disregard of facts or circumstances of the case, without some basis which would lead a reasonable and honest person to the same conclusion. *In re Appeal of Levos*, 214 Neb. 507, 335 N.W.2d 262 (1983). We simply find no evidence whatsoever which would lead us to find that the personnel board's action was arbitrary or capricious.

We conclude that the district court correctly affirmed the decision of the personnel board in that the personnel board's decision is based on appropriate evidence and was neither arbitrary nor capricious. We therefore affirm the judgment of the district court affirming the decision of the personnel board.

AFFIRMED.

SHANAHAN, J., concurring.

As the result of the majority's opinion, an appeal to a district court is similar to a bald man's trip to a barbershop; it affords an opportunity for conversation but accomplishes little. Nevertheless, the result reached by the majority is correct because the personnel board's decision is supported by competent, material, and substantial evidence. See Administrative Procedures Act, Neb. Rev. Stat. § 84-917(6)(e) (Reissue 1981).

The majority gives lukewarm lipservice to some principles mentioned in its opinion; for example,

> only issues properly presented to and passed upon by the district court may be raised on appeal to this court. In the absence of plain error, where an issue is raised for the first time in the Supreme Court, it will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition.

*In re Estate of Kothe*, 131 Neb. 780, 270 N.W. 117 (1936). Although *State v. Ledingham*, 217 Neb. 135, 347 N.W.2d 865 (1984), involved a district court's appellate review of a conviction in a county court, *Ledingham* supplies an analogy and proposition for appellate procedure: "[T]o deny [a] trial court the opportunity to pass upon [a] matter, is not an appropriate way to conduct either trial courts or appellate courts." *Id.* at 138, 347 N.W.2d at 867. That immutable

proposition announced last year has been changed today by the majority's opinion.

Bearing in mind our somewhat ephemeral enunciations, it is clear the Administrative Procedures Act, Neb. Rev. Stat. § 84-918 (Reissue 1981), indicates a de novo review by this court, while the act, § 84-917, prescribes different and more restrictive criteria for a district court exercising appellate jurisdiction in reviewing an agency's decision. A de novo review by this court necessarily includes finding and weighing facts anew. Yet, a district court reviewing an agency's decision under the standards prescribed by § 84-917 is not permitted to independently determine facts or reweigh evidence presented to the board making the decision to be reviewed. Therefore, we witness an anomaly wherein this court and the district court, as appellate courts, review the identical subject matter, an agency's decision, but conduct a judicial review of that subject under dissimilar standards. If uniformity is one characteristic of a sound system of justice, one would have thought that identical issues presented to courts of appellate jurisdiction should be disposed by reference to an equivalent index and resolved by utilization of the same standard. Common sense, as well as efficiency and practicality in a judicial system, demands application of a uniform principle in answering like questions. As inescapable consequences of the majority's ruling, logical questions arise. Are not questions of fact and weight of evidence matters presented for the first time to the Supreme Court, but never to a district court, in a judicial review pursuant to the Administrative Procedures Act? If a determination of fact and evaluation of evidence are outside the scope of a district court's review, how does this court review for error in a matter never presented to a district court? Is deciding matters not presented to a district court an appropriate manner to conduct an appellate court?

By its decision the majority has eliminated the district court as a significant and efficient appellate step in judicial review of an agency's decision. Circumvention of the district court in effect creates a direct appeal to this court from an agency's decision. Thus, an appeal to the district court from an agency's decision becomes an expensive and inefficient detour on a

litigant's journey through a part of our legal system. Consequently, economy and efficiency in our judicial system become elusive and perhaps illusive.

Today's decision by the majority is absolute adherence to ill-advised legislation dictating an impractical framework to resolve disputes. What is more worrisome is the ominous course we have charted for the judicial process in Nebraska—capitulation to a statutory directive, notwithstanding a contrary conclusion compelled by practicality, logic, inherent judicial authority, and, moreover, this court's ultimate responsibility to the people for judicial administration required by Neb. Const. art. V, § 1.

Our review of a district court's judgment entered upon appellate review of an agency's decision should be made in reference to the standards contained in § 84-917 rather than a review de novo on the record as indicated in § 84-918. Undoubtedly, Milton envisioned such a situation as results from the majority's opinion, when he wrote, "Confusion worse confounded."

BOSLAUGH, J., concurring.

I agree with Judge Shanahan.

The review in this court is a review of the *judgment of the district court*. A de novo review of an appeal where the appeal below was limited to errors appearing on the record is meaningless.