PATRICIA DYKEMAN, APPELLANT, V.
BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF
COLERIDGE, CEDAR COUNTY, NEBRASKA, APPELLEE.

316 N.W.2d 69

Filed February 19, 1982. No. 43760.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester for appellant.

Max G. Dreier of Jewell, Otte, Gatz, Collins & Domina for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ., and DEBACKER, District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding in error to review an order of the Board of Education of the School District of Coleridge, Cedar County, Nebraska, terminating the contract of the plaintiff pursuant to a reduction in force. The District Court found that the action of the Board was not arbitrary or capricious and dismissed the petition in error. The plaintiff has appealed.

The plaintiff had been employed by the district for 6 years as a business education teacher. In 1980 the Board determined that it was necessary to reduce its staff for the next school year and that a teacher in the business education department of the high school should be dropped from the staff. There were two teachers employed to teach business education, both of whom were tenured, and whose teaching certificates contained identical endorsements.

In deciding which teacher should be dropped from the staff, the Board considered the contribution that each made to the activities program. The plaintiff was cosponsor of the annual staff and sponsor of the sophomore class. For her duties in connection with the activities program, the plaintiff was paid an additional

$228, amounting to 2.5 percent of her annual base salary. The other teacher, who had been employed for 3 years and was retained, was the assistant volleyball coach, head girls' basketball coach, and cosponsor of the "C" Club. For these duties he was paid an additional $1,592.50, which amounted to 17.5 percent of his annual base salary.

The reduction in force policy which the Board had adopted pursuant to Neb. Rev. Stat. § 79-1254.05 (Cum. Supp. 1980) provided in part: "Within the separate category of tenured teachers, the process of selecting personnel for termination will involve consideration of (listed in order of priority):

"1. Certification and area(s) of endorsement.

"2. Program to be offered.

"3. Contribution to the activity program.

"4. Length of uninterrupted service.

"5. Special qualifications that may require specific training and/or experience. Part-time employees shall have lowest priority for retention."

The plaintiff contends that a school board may not consider the contribution teachers make to an activities program in making a reduction in force. The plaintiff relies on *Neal v. School Dist. of York*, 205 Neb. 558, 288 N.W.2d 725 (1980).

The *Neal* case held that the provisions of the tenure law did not apply to coaching duties. We noted that nothing in the statutory language or legislative history indicated the Legislature intended the position of coach to be entitled to the protection of the statute, and that such a construction would interfere with the right of school authorities to make reasonable assignments and reassignments of a teacher's extracurricular duties. We find nothing in the decision in the *Neal* case which prevents a board of education from considering the contribution made by a teacher to the activities program in making a reduction in force.

Although § 79-1254.05 does not specifically authorize consideration of a teacher's contribution to an activities

program as a criterion to be used in making a reduction in force, neither does it prohibit its use as a criterion. Certainly, extracurricular activities such as athletics are generally considered to be important parts of any educational program. It has been held that a school board may impose extracurricular activity duties upon a teacher as a condition to continued employment in the system. See *Enstad v. N. Cent. of Barnes Pub. Sch., etc.*, 268 N.W.2d 126 (N.D. 1978).

It is generally held that the selection of a teacher to be eliminated from the staff through a reduction in force is an executive or administrative function as distinguished from quasi-judicial action. *State ex rel. Ging v. Board of Education*, 213 Minn. 550, 7 N.W.2d 544 (1942), *overruled on other grounds* in *Foesch v. Independent School Dist. No. 646*, 300 Minn. 478, 223 N.W.2d 371 (1974); *State ex rel. Marolt v. Independent Sch. Dist. No. 695*, 299 Minn. 134, 217 N.W.2d 212 (1974); *Jordahl v. Independent School Dist. No. 129*, 302 Minn. 286, 225 N.W.2d 224 (1974).

In the absence of statutory or contractual restrictions, the decision of a school board in such a matter is generally subject to but a limited review. School boards should have broad discretionary powers in such matters free from judicial interference in the absence of a finding that their actions were arbitrary and capricious. *Jordahl v. Independent School Dist. No. 129, supra.*

In making a selection of the teacher to be dismissed pursuant to a reduction in force, the school board may exercise its discretion and consider noneducational factors as well as educational ones. Annot., 100 A.L.R.2d 1141 (1965); 68 Am. Jur. 2d *Schools* § 169 (1973).

The board of education is given the general authority to manage and direct the schools within the district. This includes the power to conduct nonteaching and extracurricular duties as a part of the educational program. It follows that the board may consider a

teacher's contribution to the activities program when deciding upon a reduction in force.

The judgment of the District Court is affirmed.

AFFIRMED.