DAVID IRWIN, APPELLANT, V. THE BOARD OF EDUCATION
OF SCHOOL DISTRICT NO. 25 OF HOLT COUNTY,
NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE
OF NEBRASKA, APPELLEE.

340 N.W.2d 877

Filed December 2, 1983.   No. 82-647.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

John Recknor of Barlow, Johnson, DeMars & Flodman, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and MURPHY, JOHN, D.J.

WHITE, J.

This is an appeal from an action taken by appel-

lee, the Board of Education of School District No. 25 of Holt County, Nebraska, which terminated the teaching and coaching contract of appellant, David Irwin. The District Court of Holt County affirmed the decision of the board of education. We reverse and remand.

In the first of two assignments of error, appellant contends the board of education deprived him of due process of law in that he was not advised, before the hearing, of specific allegations of unsatisfactory performance, nor was he provided the names of the persons who would testify against him. In the second assignment appellant contends that there was not sufficient evidence presented to justify his termination.

In light of our decision we discuss only the first assignment of error.

David Irwin taught science in school district No. 25 for 5 continuous years. He was also head boys basketball coach for West Holt High School. On March 5, 1982, Irwin received a letter that the board of education was considering terminating his teaching-coaching contract. As reasons for the action of the board of education, the letter stated "neglect of duty, insubordination, and conduct which interferes substantially with the continued performance of your duties." The day after receiving the letter Irwin requested a hearing and asked that the board of education set forth the alleged conditions of unsatisfactory performance which would be the basis of the board's consideration, as well as the names of persons whose comments or reports would be used as the basis for the testimony of any witness. Irwin further requested that he be allowed to examine and copy any documents or materials which would be used to support the allegations. The board's only response to the request was to set a hearing date and allow Irwin access to the materials in his personnel file. Two days before the scheduled hearing, Irwin's attorney telephoned the attorney

representing the board of education. Irwin's attorney was told that the principal and superintendent of West Holt High School would appear as witnesses on behalf of the board of education. A hearing was held on March 22, 1982, at which time Irwin moved for a continuance for the reasons that no list of specific charges had been given to him nor a witness list provided. The motion was overruled and the hearing proceeded under continuing objection. Irwin also objected when a party, other than the ones disclosed in the conversation 2 days before the hearing, testified adversely to Irwin. This objection was also overruled. At the close of the hearing the board of education voted to terminate Irwin's teaching-coaching contract. The District Court affirmed the decision.

It is undisputed that at the time of Irwin's termination he was entitled to notice and hearing as provided by Neb. Rev. Stat. § 79-1254 (Reissue 1981). We are aware that the above statute has subsequently been repealed and replaced pursuant to 1982 Neb. Laws, L.B. 259, which became operative on September 1, 1982. Because the proceedings in question were held before the operative date of L.B. 259, we proceed to review this case under the old statute.

Being entitled to a notice and hearing, and the procedural due process requirements that these trigger, the question then becomes whether or not Irwin was afforded the minimal requirements of procedural due process. See *Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). We answer this question in the negative.

In *Ferguson v. Thomas*, 430 F.2d 852, 856 (5th Cir. 1970), the court stated: "Within the matrix of the particular circumstances present when a teacher who is to be terminated for cause opposes his termination, minimum procedural due process requires that: (a) he be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist, (b) he be ad-

vised of the names and the nature of the testimony of witnesses against him, (c) at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense, (d) that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges." See, also, *Brouillette v. Board of Dir. of Merged Area IX, etc.*, 519 F.2d 126 (8th Cir. 1975).

In a case dealing with the adequacy of notice in an attorney disbarment proceeding, the U.S. Supreme Court held that the "absence of fair notice as to the reach of the grievance procedure and the precise notice of the charges deprived petitioner of procedural due process." *In re Ruffalo*, 390 U.S. 544, 552, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968).

Irwin's sole notice of the charges against him was the vague and conclusory letter that he received from the board of education. Absent Irwin being advised of the charges in sufficient detail to fairly enable him to prepare an adequate defense and to show any error that might exist, the subsequent hearing on the termination of his contract was rendered meaningless. The fact that Irwin was advised of an incomplete witness list 2 days before the hearing only compounded the problem of deficient procedural due process.

Appellee contends that Irwin was on "constructive notice" of the specific allegations against him in that he was given access to his personnel file. Because Irwin's personnel file was never made a part of the record, we cannot speculate on whether the contents of the file met the minimum requirements for adequate notice. We are, however, of the belief that in proceedings of this type, where the possible ramifications of the decision of the board of education are severe, it is not an undue burden upon the board of education to attach to the letter of notice, or otherwise divulge, the allegations underlying its ac-

tion in sufficient detail, as to afford the accused party a reasonable opportunity to prepare a defense.

Since coaching is not teaching and therefore not within the confines of § 79-1254, the board of education did not err in terminating Irwin's coaching position. See *Neal v. School Dist. of York*, 205 Neb. 558, 288 N.W.2d 725 (1980).

Since the notice given Irwin did not fairly comport with due process, the termination proceeding was a nullity. The appellant was not lawfully discharged as a teacher of School District No. 25 of Holt County.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

KRIVOSHA, C.J., concurring.

For the reasons more particularly set out in my concurring opinion in *Neal v. School Dist. of York*, 205 Neb. 558, 288 N.W.2d 725 (1980), regarding the issue of whether coaching is teaching, I concur in the result reached by the majority in this case.