WILSON P. HILL, APPELLANT, V. DONALD E. GERBER,
DIRECTOR OF THE NEBRASKA DEPARTMENT OF PUBLIC
WELFARE, ET AL., APPELLEES.

350 N.W.2d 545

Filed June 22, 1984. No. 83-451.

Hal W. Anderson of Berry, Anderson, Creager & Wittstruck, for appellant.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Wilson P. Hill, appeals from a judgment entered by the district court for Lancaster County, Nebraska, affirming the action of the Nebraska Joint Merit System Council, which had earlier upheld the Nebraska Department of Public Welfare's (department) termination of Hill as an

employee of the department. We believe the judgment of the district court must be reversed.

Hill had been employed by the department as a recreation supervisor at the Nebraska Center for Children and Youth (NCCY) from June of 1978 until his termination on August 25, 1981. The record reflects that sometime on May 31, 1981, Hill took seven residents of NCCY to a minibike course for recreation, and thereafter to Pioneers Park, a local park area. It appears from the record that Hill may have violated the rules of the department by taking the residents to the park without permission, and by failing to provide adequate supervision while at the park. These rules allegedly violated were never offered in evidence, although several employees of NCCY testified that taking the residents to the park without permission and without constant supervision at the park was contrary to the rules. After they returned to NCCY two of the girls who had been with Hill were determined to be under the influence of drugs. After a series of different explanations the girls told their cottage supervisor and other residents that Hill had given them some hashish and had smoked it with them at the park. NCCY officials, after a preliminary investigation, reported the incident to the State Patrol, which further investigated the alleged incident. No formal charges were ever filed against either Hill or the girls.

On August 25, 1981, Hill received a notice from the department, advising him that he was terminated as an employee effective 14 days from receipt of the letter. The termination, according to the letter, was "based on the incident that occurred on May 31, 1981 when you allegedly supplied two of our state ward residents with 'hash' and smoked it with them while you were on duty."

Pursuant to rule 13 of the Nebraska Joint Merit System Council rules and regulations, Hill appealed his dismissal. A hearing was held on February 9, 1982, at which time testimony was offered. The tes-

timony as to whether Hill had in fact provided the girls with the drugs was generally in conflict. The testimony further revealed that Hill had been reprimanded for the unauthorized taking of the residents to the park, as well as for his failure to supervise the youths at the park. Following the hearing, the Joint Merit System Council found that the testimony as to whether Hill had provided the girls with the hashish was inconclusive. Specifically, the findings of the council provided, in part, as follows: "Disregarding testimony implicating the Appellant [Hill] in providing drugs to the residents, the Appellant must still bear responsibility for actions resulting from his disregarding accepted agency procedures." Apparently, it was the opinion of the Joint Merit System Council that, while the evidence was inconclusive concerning whether Hill had provided the drugs to the girls, he had nevertheless violated the agency's rules, which were not in evidence, with regard to taking residents on excursions without permission and in failing to properly supervise them while on the excursion, and therefore the agency was justified in terminating his employment.

While there may have been sufficient grounds to terminate Hill by reasons of his failure to obtain permission before taking the girls to the park and his failure to supervise them while at the park, the difficulty with this case is that he was not so charged, nor was he given notice of the fact that he was being discharged for the unauthorized taking and the failure to supervise the residents. He was *specifically* charged with supplying two of the state ward residents with a drug and smoking it with them while on duty. The notice of August 25 did not in any manner advise Hill that the basis of his termination was his failure to obtain permission to take the wards on an excursion or his failure to supervise them. In fact, Hill could have reasonably believed that these issues would no longer be raised because, first, he had already received a written reprimand and, second, as

testified to by an agency employee, failing to supervise the residents would be considered in a different light than providing the residents with hashish. While it may very well be that the agency could first reprimand Hill and then, after proper notice and hearing, terminate him for the very same incident, we need not reach that question. It is apparent that the notice given to Hill is inadequate to satisfy the agency's own rules and his constitutional right to due process. Any employee who has obtained a property interest in his employment is entitled to both notice in accordance with employment rules as well as notice which affords him constitutional due process. See, *Perry v. Sindermann*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).

Rule 12(2)(e) of the Nebraska Merit System rules and regulations regarding discharge provides in part as follows: "A written statement setting forth the *specific* cause or causes under which the Appointing Authority has so acted shall be given to the employee within twenty-four (24) hours of the action." (Emphasis supplied.)

Furthermore, the department's own rules require specific notice. Section 6520 of part V of the Nebraska Public Welfare Manual provides in part:

When the appointing authority finds it necessary to dismiss an employee, the immediate supervisor or a duly designated representative shall discuss the basis for the action and the facts in the situation with the employee prior to dismissal.

The Department shall give notice of dismissal in writing and addressed to the employee. . . . The Department shall state the reason or reasons for the dismissal *specifically in the notice and shall include a statement justifying the action taken.*

(Emphasis supplied.) These rules are simply in accord with that which is required under due process.

In *In re Appeal of Levos*, 214 Neb. 507, 511-12, 335 N.W.2d 262, 266 (1983), we had the occasion to discuss the matter of due process and notice, saying:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information . . . ."

We further noted in *Levos, supra* at 513, 335 N.W.2d at 266, that what is adequate notice may vary from case to case, saying:

"The degree of procedural rigor required in a proceeding varies from one case to another and depends upon the particular facts and upon the weight to be afforded to private interests as contrasted to governmental interests in the circumstances. . . . These general observations are applicable to the notice requirements of due process which 'will vary with circumstances and conditions.' The notice requirement of due process cannot be defined with any 'rigid formula.' "

And, recently, in the case of *Irwin v. Board of Ed. of Sch. Dist. No. 25*, 215 Neb. 794, 797, 340 N.W.2d 877, 880 (1983), quoting from *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968), we said that "the 'absence of fair notice as to the reach of the grievance procedure and the precise notice of the charges deprived petitioner of procedural due process.' " We then went on to note in the *Irwin* case at 797, 340 N.W.2d at 880:

Irwin's sole notice of the charges against him was the vague and conclusory letter that he received from the board of education. Absent

Irwin being advised of the charges in sufficient detail to fairly enable him to prepare an adequate defense and to show any error that might exist, the subsequent hearing on the termination of his contract was rendered meaningless. The fact that Irwin was advised of an incomplete witness list 2 days before the hearing only compounded the problem of deficient procedural due process.

The department here argues that while the notice to Hill on August 25, 1981, did not specifically advise Hill that the cause of his discharge was the fact that he had failed to obtain permission before taking the wards to the park and that he had likewise failed to supervise them at the park, he nevertheless had adequate notice because the letter of August 25 advised him that termination was "based on the *incident* that occurred on May 31, 1981" (emphasis supplied), and therefore this letter should have been sufficient to advise him of all the facts, even though the sentence goes on to read that the incident was related to the supplying of the drugs. A similar argument was made in *Irwin, supra.* In rejecting that argument we said at 797-98, 340 N.W.2d at 880:

Appellee contends that Irwin was on "constructive notice" of the specific allegations against him in that he was given access to his personnel file. Because Irwin's personnel file was never made a part of the record, we cannot speculate on whether the contents of the file met the minimum requirements for adequate notice. We are, however, of the belief that in proceedings of this type, where the possible ramifications of the decision of the board of education are severe, it is not an undue burden upon the board of education to attach to the letter of notice, or otherwise divulge, the allegations underlying its action in sufficient detail, as to afford the accused party a reasonal opportunity to prepare a defense.

. . . .

Since the notice given Irwin did not fairly comport with due process, the termination proceeding was a nullity.

We, likewise, are of the opinion that the notice of August 25 specifically charged Hill with supplying two state wards with hashish and smoking it with them. This charge was not sustained by the evidence, and, instead, Hill was discharged because he allegedly violated certain rules and regulations of the department. He was not, however, given notice of this fact, and, in fact, the evidence was all to the contrary. Mrs. McNeil, personnel services supervisor at NCCY, testified on cross-examination that the termination was due to the claim that Hill had given the wards hashish and had smoked it with them. Mr. Beaver, recreational director at NCCY, also testified on cross-examination that Hill was terminated because of the allegations made against him by the wards. To therefore suggest that Hill was ever made aware that his employment was being terminated because he allegedly violated some rules regarding permission and supervision, none of which either was before the Joint Merit System Council or is before this court, is simply to ask too much and to attempt to extend notice and due process beyond any tolerable limits. Were we to permit such action as that taken here, we would effectively eliminate any requirement for notice and due process and would repeal, in effect, the rules of both the Department of Public Welfare and the Joint Merit System Council. This is neither horseshoes nor handgrenades, and "close" does not count.

If, indeed, the charges to the effect that Hill violated agency rules by taking the young people to the park without permission and in failing to supervise them while they were there can be established, the agency may be permitted to discharge Hill. It must, nevertheless, give him proper notice of these charges and afford him an opportunity to defend

himself. One cannot be charged with violating employment rules in one manner, and when the proof fails, be discharged because of the violation of an unspecific charge. While some may suggest that an employee should not be reinstated on a "mere technicality," we are of the opinion that compliance with due process is not a mere technicality. The department is afforded the assistance of counsel, and it can, without any difficulty, provide an employee about to be discharged with adequate and proper notice in accordance with its own rules. Having failed to do so, it must bear the consequences of its acts. For this reason the decision of the district court affirming the termination of Hill is reversed, and the cause is remanded to the district court with directions to vacate the order of the Nebraska Joint Merit System Council and to reinstate the employee.

REVERSED AND REMANDED WITH DIRECTIONS.