DENNIS VAN FOSSEN, APPELLANT, v. BOARD OF GOVERNORS, CENTRAL TECHNICAL COMMUNITY COLLEGE AREA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

423 N.W.2d 458

Filed May 20, 1988.   No. 86-481.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Thomas A. Wagoner, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Plaintiff in error, Dennis Van Fossen, appeals the judgment of the district court, which affirmed the decision of defendant in error, the board of governors of Central Technical Community College Area, terminating Van Fossen's employment as the result of a reduction in force. Van Fossen's five assignments of error raise two issues: (1) whether the board provided him the due process required by U.S. Const. amend. XIV and Neb. Rev. Stat. §§ 79-1254.02, 79-1254.05, and 79-1254.06 (Reissues 1981 & 1987), and (2) whether the record supports the board's decision. In view of our determination that Van Fossen should have been afforded a hearing, we reverse the judgment of the district court and remand with direction without reaching the second issue.

Section 79-1254.02 (Reissue 1987) requires that the contracts of technical community college teachers be deemed "renewed and in force and effect until a majority of the board votes, sixty days before the close of the contract period, to amend or terminate the contract for just cause." The statute further provides that the teacher be given notice of, among other things, a reduction in force and requires that, upon a teacher's request, a hearing be held at which "evidence shall be presented in support of the reasons given for considering amendment or termination of the contract, and the teacher . . . shall be permitted to produce evidence related thereto. The board shall render the decision to amend or terminate a contract on the evidence produced at the hearing."

Section 79-1254.05 (Reissue 1987) requires that a board such as the defendant in error adopt a reduction in force policy, and further provides that no such policy "shall allow the reduction of a permanent or tenured employee while a probationary employee is retained to render a service which such permanent employee is qualified by reason of certification and endorsement to perform or where certification is not applicable, by reason of college credits in the teaching area."

Section 79-1254.06 (Reissue 1981) provides that before a reduction in force shall occur, the board must "present competent evidence demonstrating that a change in circumstances has occurred necessitating" a reduction. Moreover, any "alleged change in circumstances must be specifically related to the teacher" to be affected as the result of the reduction in force, and the board, "based upon evidence produced at the hearing required by sections 79-1254 to 79-1262, shall be required to specifically find that there are no other vacancies on the staff for which the employee to be reduced is qualified by endorsement or professional training to perform." (The extent to which then existing statutes, other than § 79-1254.02, encompassed within the designated sections apply need not be addressed, as § 79-1254.02 itself requires a hearing.)

Thus, before the board may terminate a teacher's employment because of a reduction in force, it must establish, via proof at a hearing, (1) a change in circumstances necessitating a reduction in force, (2) that the change in circumstances specifically relates to the teacher to be affected, and (3) that there are no vacancies on the staff for which the teacher to be affected is qualified. Facts ascertained from proof adduced at an evidentiary hearing which relate to a specific party, in this case Van Fossen, the teacher to be eliminated, are adjudicative facts. *State v. Freeman*, 440 P.2d 744 (Okla. 1968); *Marshall v. Sawyer*, 365 F.2d 105 (9th Cir. 1966). It is therefore clear that although, absent statutory or contractual provisions to the contrary, the selection of a teacher to be eliminated from the staff through a reduction in force is an executive or administrative function, *Dykeman v. Board of Education*, 210 Neb. 596, 316 N.W.2d 69 (1982), a decision rendered pursuant to the statutory hearing is quasi-judicial in nature. *Van Pelt v. St. Bd. Comm. Colleges*, 195 Colo. 316, 577 P.2d 765 (1978); *Coffey v. Milwaukee*, 74 Wis. 2d 526, 247 N.W.2d 132 (1976). Consequently, the board's decision to terminate Van Fossen's employment, unless he waived his right to a hearing, is reviewable by a proceeding in error. *Thomas v. Lincoln Public Schools, ante* p. 11, 421 N.W.2d 8 (1988); *Dykeman v. Board of Education, supra.*

With the foregoing jurisdictional and statutory background, we proceed to a review of what transpired in this case. On April 22, 1985, at a scheduled public meeting, the board received a report from its business officer, Larry Glazier, indicating that the college could expect a reduction of $397,429 in revenue during the forthcoming fiscal year and a $177,351 reduction in its operations fund. Shortly after receiving Glazier's report, the board turned its attention to personnel matters, at which time Glazier translated the aforementioned expected reduction in its operations fund to a 3.91-percent annual budget shortfall.

The board then considered Van Fossen's contract of employment at its Platte County campus. Although the record is silent on the point, we assume, because the board appears to have treated him as such, that Van Fossen was a permanent, nonprobationary employee. (Probationary employees may be discharged without cause. Neb. Rev. Stat. § 79-1254.09 (Reissue 1981).) Based on Glazier's reports and on a representation by Dennis Tyson, vice president of educational services, that "there has been a change in circumstances," the nine board members present voted unanimously to approve reduction in force resolutions as to Van Fossen and two other teachers. In relevant part, the Van Fossen resolution read as follows:

> NOW, THEREFORE, BE IT RESOLVED, that the board, subject to a final decision to be made following a hearing if one is requested, finds that there is a reasonable basis to believe that the contract held by Dennis Van Fossen for the 1984-85 school year should be terminated as of the 14th day of August, 1985, because there has occurred a change in circumstances. These circumstances include but are not limited to lower student enrollment in special needs, reduction in revenues from state aid, and reduction in revenues from federal aid.

> BE IT RESOLVED FURTHER, that based upon the foregoing reasons and subject to the teacher's right to hearing, the board tentatively finds that the foregoing conditions of lower enrollment and revenue constraints may constitute just cause to terminate the contract of Dennis Van Fossen as of August 14, 1985. There are no

other full-time vacancies on the staff for which the reduced instructor is qualified by endorsement or professional training to perform.

BE IT RESOLVED FURTHER, that the Secretary shall and the same is hereby directed to notify the teacher on or before the 26th day of April, 1985, of the above action of the board and of his right to request a hearing within five (5) days of receipt of said notice of the tentative decision as evidenced herein. Said notification to be sent by certified mail, properly addressed, postage prepaid, and return receipt requested.

BE IT RESOLVED FURTHER, that upon conclusion of the hearing, if one is requested, or in any event on or before June 14, 1985, the board shall by a majority vote make a final decision in regard to the above action for the ensuing school year.

BE IT FURTHER RESOLVED, that if Dennis Van Fossen's contract is terminated as of August 14, 1985, by reason of reduction in force, he will be entitled to the benefits of Section 79-1254.07 of the Nebraska Revised Statutes, a copy of which section is attached hereto.

Dated this 22nd day of April, 1985.

Immediately following approval of the foregoing resolution, the board took up two other "reduction in force" actions, voting unanimously in each case "that the reduction in force of [a named employee] go into effect August 15, 1985," and adopting the following statement:

Having complied with Nebraska law in regard to the reduction in force of [the named employee], the Central Community College Board of Governors by this vote hereby terminates [whatever relationship it has had with the named employee] as of the end of the working day of August 14, 1985.

Pursuant to the board's instructions, Van Fossen was notified in writing of the board's action regarding the resolution applicable to him. The letter of notification read:

You are hereby notified that on the 22nd day of April, 1985, at a regular meeting of the Central Community College Board of Governors, said board passed a

resolution terminating your employment as of the 14th day of August, 1985, as a result of a reduction in force due to lower student enrollments and a reduction in revenues from state and federal aid.

You are hereby further notified that you have, pursuant to the Revised Statues [sic] of the State of Nebraska, the right to file a written request with the board for a hearing before the board in regard to this matter. Said request should be made, if at all, within five (5) days of receipt of this notice. Upon receipt of your request, the board will schedule a hearing to be held within ten (10) days thereafter and will give you written notice of the time and place of said hearing.

Following a hearing, if one is requested, and in any event on or before the 14th of June, 1985, the board shall meet and by a majority vote of all members of the board make its final decision in regard to the foregoing specified actions of your contract.

You are further notified that if your contract is terminated as of August 14, 1985, by reason of reduction in force, you will be entitled to the benefits of Section 79-1254.08 [sic] of the Nebraska Revised Statutes, a copy of that section is attached hereto.

Dated this 22nd day of April, 1985.

Van Fossen requested a hearing. On June 11, 1985, the college's personnel manager, Douglas Adler, wrote to Pat Shafer, an employee of the Nebraska State Education Association acting on behalf of Van Fossen, informing her that Glazier and either Adler or college president Dr. Joseph Preusser would testify at Van Fossen's hearing regarding budgetary and enrollment factors contributing to the perceived need to reduce the teaching staff. In addition, Adler provided Shafer with copies of working papers showing budget and enrollment figures for the college and Van Fossen's special needs program.

On June 24, 1985, at a scheduled public meeting, the board called a hearing pursuant to Van Fossen's request. Shafer objected to holding the hearing on the basis that the April 22 minutes established that the board had already made up its

mind to terminate Van Fossen's employment, thereby making any further hearing meaningless.

After some discussion, during which one board member commented he had expected and would like to hear from Van Fossen, but that if Van Fossen would rather not address the board, it needed to move on, the board voted to sustain Van Fossen's objection. The hearing was thus closed, and the board returned to its regular meeting. Shortly thereafter, Preusser stated that "the administration would present information to the board as to why the reduction of Dennis VanFossen [sic] was recommended." However, the board's attorney observed that the evidence the staff had put together would be the same as that presented in narrative form at the April meeting, and thus advised the board to pass the same motion as it had with respect to the other reduction in force terminations of employment.

The 10 members of the board present at the meeting then, apparently without any further presentation by the college administration, unanimously approved the following motion:

> [T]hat in consideration of Dennis VanFossen's [sic] objection to the conduct of the hearing he requested and in consideration of the board's sustaining his objection, the recommendation is that the reduction in force of Dennis VanFossen [sic] go into effect August 15, 1985, and that the following statement be approved:
>
> Having complied with Nebraska law in regard to the reduction in force of Dennis VanFossen [sic], the Central Community College Board of Governors by this vote hereby terminates the contract of Dennis VanFossen [sic] as of the end of the working day of August 14, 1985.

The foregoing evidence clearly demonstrates that, contrary to Van Fossen's contention, the board did not decide on April 22 to terminate his contract but, rather, merely expressed an intention to explore that option in an attempt to achieve a reduction in its teaching staff so as to accommodate reasonably anticipated budgetary constraints. The language of the board's resolution regarding Van Fossen makes it plain that his termination was then contemplated, "subject to a final decision to be made following a hearing if one is requested." The board's April 22 decision to consider Van Fossen's termination at a later

time was expressly "subject to the teacher's right to hearing," and the board only "tentatively" found that "the foregoing conditions of lower enrollment and revenue constraints *may* constitute just cause to terminate the contract of Dennis Van Fossen as of August 14, 1985." (Emphasis supplied.)

Lending further support to the conclusion that no final decision was made with respect to Van Fossen on April 22 is the fact that the minutes of that meeting disclose that in addition to the "reduction in force" resolutions regarding Van Fossen and others, the board, in separate actions, voted unanimously to finalize the reduction in force terminations of two other employees, effective August 15, 1985. This circumstance establishes the distinction between the board's practice of notifying a teacher of a contemplated, prospective reduction in force and its implementation of the reduction itself. The language the board used on June 24, 1985, to finalize Van Fossen's termination was substantially identical to that used on April 22 to finalize the termination of the two other employees just mentioned, and was unlike that used in the "reduction in force" resolution to notify Van Fossen and the world that termination of his employment contract was then contemplated but not yet a fait accompli.

Contrary to the view urged by Van Fossen, the language in the letter of April 22, 1985, to the effect that "said board passed a resolution terminating your employment as of the 14th day of August, 1985," is not dispositive of the issue. This statement inaccurately described the board's action but neither transformed an option then under consideration into a decision made nor prejudiced Van Fossen in any way, inasmuch as the letter went on to explain in detail the hearing to which Van Fossen was entitled and the fact that "[f]ollowing a hearing, if one is requested, and in any event on or before the 14th of June, 1985, the board shall meet and by a majority vote of all members of the board make its final decision . . . ."

As noted in *Chase v. Board of Trustees of Nebraska State Colleges*, 194 Neb. 688, 235 N.W.2d 223 (1975), as a general rule the quasi-judicial actions of a board such as is involved here which are interlocutory, incomplete, provisional, or not yet effective are not final.

Van Fossen's objection to the conduct of the hearing appears to have been premised on the notion that once the board determined there was a reasonable basis to believe his contract should be terminated, it could no longer discharge its adjudicative functions. It is, however, an established principle that combining investigative and adjudicative functions does not necessarily create an unconstitutional risk of bias in administrative adjudication. *Dieter v. State, ante* p. 368, 422 N.W.2d 560 (1988); *Buhrmann v. Sellentin,* 218 Neb. 288, 352 N.W.2d 907 (1987). As noted in *Trade Comm'n v. Cement Institute,* 333 U.S. 683, 68 S. Ct. 793, 92 L. Ed. 1010 (1948), it cannot be assumed that administrative adjudicators whose views are formed on the basis of an ex parte investigation have so closed their minds that they would be impervious to evidence, cross-examination, and arguments. In *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975), the U.S. Supreme Court said:

> The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication . . . must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.

Accord, *Hortonville Dist. v. Hortonville Ed. Assn.*, 426 U.S. 482, 96 S. Ct. 2308, 49 L. Ed. 2d 1 (1976); *Nevels v. Hanlon,* 656 F.2d 372 (8th Cir. 1981).

It is clear, therefore, that Van Fossen's objection to conducting the hearing was improvidently sustained. Nor can we conclude that the objection, likely made merely to preserve for the record the matter of the board's perceived bias, see *Irwin v. Board of Ed. of Sch. Dist. No. 25*, 215 Neb. 794, 340 N.W.2d 877 (1983), amounted to a withdrawal of his earlier request for a hearing and thus constituted a waiver of his statutory rights. Consequently, the board had an obligation to conduct the

hearing and adduce evidence establishing its right to terminate Van Fossen's employment contract pursuant to the provisions of the relevant statutes.

Thus, we must reverse the judgment of the district court and remand the cause with the direction that the district court vacate the action of the board and direct it to hold the hearing required by law.

REVERSED AND REMANDED WITH DIRECTION.