KATHERINE HEITHOFF AND JEAN LUEDTKE, APPELLEES, V. NEBRASKA STATE BOARD OF EDUCATION, APPELLANT.

430 N.W.2d 681

Filed October 21, 1988.   No. 87-276.

Robert M. Spire, Attorney General, and Harold I. Mosher for appellant.

Mark D. McGuire, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

SHANAHAN, J.

In an appeal under the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981 & Cum. Supp. 1986),

the district court for Lancaster County vacated the order or decision of the State Board of Education, which had terminated the teaching contracts of Katherine Heithoff and Jean Luedtke (teachers).

In an appeal from a judgment pursuant to the Administrative Procedure Act, the Supreme Court tries factual questions de novo on the record, which requires the Supreme Court to reach a conclusion independent of the trial court's findings. *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985); § 84-918 (Reissue 1981) (Supreme Court's de novo review under Administrative Procedure Act).

By written contract, the State Department of Education employed Heithoff and Luedtke as teachers at the Nebraska School for the Deaf for the 1985-86 school year. On February 26, 1986, Commissioner of Education Joe E. Lutjeharms sent to the board members a memo, recommending and outlining a reduction in the teaching staff at the Nebraska School for the Deaf, a reduction which called for eliminating the teaching positions of Heithoff, Luedtke, and one other teacher. In his memo, Lutjeharms requested that the board take action on his recommendation "so that preliminary notices of reduction in force can be sent as required by . . . the Teachers Association contract." According to minutes of the board's March 7 meeting, the "Consent Agenda" for the meeting contained "Information Items," including "Reduction in Force at the Nebraska School for the Deaf." However, as reflected by the minutes for the March 7 meeting, the board took no action on Lutjeharms' recommended reduction in force which was the subject of his February 26 memo to the board.

On March 26, Lutjeharms mailed a letter to Heithoff, informing her that her contract for teaching "will be terminated at the close of the 1985-86 school year" and explaining that "this termination is a reduction in force due to budgetary considerations, decreasing student population, a teacher returning from leave, and staffing needs. You have a right to request a hearing before the State Board of Education." A similar letter was sent to Luedtke on that date. Heithoff and Luedtke requested a hearing. In response to the Heithoff-Luedtke requests, Lutjeharms, on April 11, sent

another letter to each of the teachers, again expressing the "reasons for termination," as stated in his March 26 letters, and notifying the teacher that her requested hearing was scheduled for May 2. At the hearing, Heithoff and Luedtke appeared with their lawyer, who called the board's attention to statutes pertaining to termination of a teacher's contract, including Neb. Rev. Stat. §§ 79-1254.02 and 79-1254.06 (Reissue 1987).

Section 79-1254.02 in pertinent part provides:

> [E]ach [teacher's] contract shall be deemed renewed and in force and effect until a majority of the board votes, sixty days before the close of the contract period, to amend or terminate the contract for just cause. The secretary of the board shall notify each teacher . . . in writing at least ninety days before the close of the contract period of any conditions of unsatisfactory performance or a reduction in teaching staff . . . that the board considers may be just cause to either amend or terminate the contract for the ensuing year. [A teacher may request a hearing.] At the hearing, evidence shall be presented in support of the reasons given for considering amendment or termination of the contract, and the teacher . . . shall be permitted to produce evidence related thereto. The board shall render the decision to amend or terminate a contract based on the evidence produced at the hearing.

Section 79-1254.06 provides:

> Before a reduction in force shall occur, it shall be the responsibility of the board of education and the school district administration to present competent evidence demonstrating that a change in circumstances has occurred necessitating a reduction in force. Any alleged change in circumstances must be specifically related to the teacher or teachers to be reduced in force, and the board, based upon evidence produced at the hearing . . . shall be required to specifically find there are no other vacancies on the staff for which the employee to be reduced is qualified by endorsement or professional training to perform.

The lawyer for Heithoff and Luedtke asserted that the board had already reached a decision and taken final action on the

question of a reduction in the teaching staff relative to Heithoff and Luedtke and, in view of such alleged predetermination by the board, requested dismissal of the proceedings. When the board refused to dismiss the proceedings, Heithoff and Luedtke declined to participate further in the proceedings and, accompanied by their attorney, left the hearing. Based on evidence presented at the May 2 hearing, the board found that a reduction in force was justified, necessitating elimination of Heithoff and Luedtke from the teaching staff, and ordered that the teaching contracts for Heithoff and Luedtke be terminated at the close of the 1985-86 school year.

Pursuant to the Administrative Procedure Act, Heithoff and Luedtke appealed to the district court. In their petition, Heithoff and Luedtke stated that, before the May 2 hearing, the "Nebraska State Department of Education and the State Board of Education had predetermined the question of their continued employment," as evidenced by the board's action taken at its meeting held on March 7, 1986, and further evidenced by the Lutjeharms' letters of March 26 and April 11. In their petition, Heithoff and Luedtke claimed that the board's predetermination was a denial of procedural due process, that is, a right to a hearing before a "fair and impartial tribunal," and requested that the court vacate the board's order which had terminated the teachers' employment with the named defendant, State Board of Education. To obtain service on the State Board of Education, the teachers, through their attorney, sent summons by certified mail addressed to:

Mr. Robert Spire
Attorney General's Office
Room 2115, State Capitol
Lincoln, Nebraska 68509.

The return receipt for the certified mailing of the summons was signed by "Val G. Finney" on June 3, 1986, but the receipt did not indicate where the mailed item was actually delivered. The teachers' attorney, on behalf of Heithoff and Luedtke, timely filed an "Affidavit of Service" as proof of service, which, by reference, incorporated the signed postal receipt attached to the affidavit. The attorney's affidavit stated that receipt for the certified mail was "signed by Val Finney, of the Office of the

Attorney General of the State of Nebraska." The affidavit or proof of service also stated that the certified mailing, for which Val Finney had signed the postal receipt at the office of the Attorney General, included a copy of the petition by Heithoff and Luedtke. Neb. Rev. Stat. § 25-505.01(1)(c) (Reissue 1985) provides that service by certified mail "shall be made by (i) within ten days of issuance, sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery, and (ii) filing with the court proof of service with the signed receipt attached." Neb. Rev. Stat. § 25-507.01(2) (Reissue 1985) provides: "When service is by certified mail, the plaintiff or plaintiff's attorney shall file proof of service within ten days after return of the signed receipt."

Claiming that there was an invalid service of summons, the State Board of Education filed a special appearance, which was overruled. The board then filed a demurrer, contending that the court lacked jurisdiction over the board for the purpose of the teachers' appeal and further objected because "[t]here is a defect of parties defendant." See Neb. Rev. Stat. § 25-806(4) (Reissue 1985). When its demurrer was overruled, the board answered, preserving its objection to the court's jurisdiction over the board, and requested affirmance of the board's order terminating the teachers' employment.

The district court concluded that the board had taken "final action" on March 7, 1986, in violation of §§ 79-1254.02 and 79-1254.06 insofar as the board had taken final action, terminating the teachers' contracts, before the hearing requested by the teachers. The court then vacated the board's action and ordered that the teachers be reinstated with back wages to the date of reinstatement.

On appeal, the board contends that the district court erred in (1) finding that summons had been served according to law, (2) overruling the board's demurrer, and (3) finding that the board's action in terminating the employment of Heithoff and Luedtke violated Nebraska statutes governing termination of a teacher's contract of employment.

First, we dispose of the question concerning service of summons and find that the requirements of § 25-505.01(1)(c)

have been satisfied to effect service of summons by certified mail. The postal receipt for certified mail shows that the transmittal, including the summons and a copy of the teachers' petition, was addressed to the Attorney General's office in accordance with Neb. Rev. Stat. § 25-510.02(1) (Reissue 1985) (service of summons on a state agency by certified mail addressed to the office of the Attorney General). That certified mailing, as reflected by the postal receipt signed by Val G. Finney on June 3, 1986, and further reflected in the verified proof of service filed by the teachers' attorney, was delivered at the "Office of the Attorney General of the State of Nebraska." Under the circumstances, if a purpose of summons is notice of commencement or pendency of litigation, the statutory requirements for service by certified mail have been satisfied in the present case. The district court had jurisdiction regarding the appeal by Heithoff and Luedtke.

Next, the board claims that the State Department of Education and Commissioner Lutjeharms were, as we interpret the board's contention, indispensable parties as defendants with the State Board of Education. An indispensable party is one who has an interest in the controversy to an extent that such party's absence from the proceedings prevents a court from making a final determination concerning the controversy without affecting such party's interest. See, *Jordan v. Evans*, 99 Neb. 666, 157 N.W. 620 (1916); *Cunningham v. Brewer*, 144 Neb. 218, 16 N.W.2d 533 (1944). The board's contention about the absence of indispensable parties, however, ignores the nature and subject matter of the action maintained by Heithoff and Luedtke. Under § 79-1254.02, a teacher's contract of employment remains in force "until a majority of the board votes, sixty days before the close of the contract period, to amend or terminate the contract for just cause." The State Department of Education consists of the State Board of Education and the Commissioner of Education, who, in the present case, was Lutjeharms. See Neb. Rev. Stat. § 79-321 (Reissue 1987). As a result of § 79-1254.02, the board, not the education commissioner, has authority to terminate a teacher's employment contract. The education commissioner has the duty to "advise and counsel" the board in its action, see

§ 79-321(3), but has no authority to vote on the question whether a teacher's contract should be terminated pursuant to § 79-1254.02. Therefore, by virtue of §§ 79-1254.02 and 79-1254.06, authority to terminate a teacher's employment contract is conferred only on the board of education, which in the present case is the "State Board of Education." The petition by Heithoff and Luedtke alleges that the board violated the statutes governing termination of a teacher's contract of employment. Since validity of termination is the issue in the present case, the board is the only party defendant indispensable for judicial review of the order terminating the contracts of Heithoff and Luedtke. The contention that there is a defect regarding parties defendant is without merit.

Finally, we reach the question whether termination of the employment contracts of Heithoff and Luedtke occurred before the board's meeting, which included the teachers' requested hearing, on May 2, 1986. "Section 79-1254.06 (Reissue 1981) provides that before a reduction in force shall occur, the board must 'present competent evidence demonstrating that a change in circumstances has occurred necessitating' a reduction." *Van Fossen v. Board of Governors*, 228 Neb. 579, 581, 423 N.W.2d 458, 460 (1988).

Heithoff and Luedtke contend, and the district court found, that the board terminated the teachers' employment contracts on March 7, 1986. To support their claim that the board, before the meeting and hearing on May 2, had predetermined the termination of the teachers' contracts of employment, Heithoff and Luedtke rely on the minutes of the board's March 7 meeting and Lutjeharms' letters mailed after the March 7 meeting. Unfortunately, in his letters Lutjeharms did not express that termination of the teachers' contracts was conditioned on future and final action to be taken by the board. We do agree with Heithoff and Luedtke that an evidential hearing, requested regarding potential termination of a teacher's contract, should occur before a tribunal that, among its attributes, is impartial. See *Irwin v. Board of Ed. of Sch. Dist. No. 25*, 215 Neb. 794, 340 N.W.2d 877 (1983).

The present case is similar to *Van Fossen, supra*, inasmuch as both cases involve a letter sent to a teacher, which was used in an

attempt to show that the teacher's contract had been terminated contrary to § 79-1254.02, namely, a board had taken final action which terminated a teacher's contract before occurrence of the requisite hearing requested by a teacher.

Lutjeharms' March 26 letters, stating that the teachers' contracts "will be terminated at the close of the 1985-86 school year," are similar to the letter claimed to reflect a board's predetermination to terminate a teacher's contract in *Van Fossen, supra,* where the board of govenors' resolution reflected that there was a "reasonable basis to believe" that Van Fossen's contract "should be terminated" as a part of a reduction in the teaching staff for the community college area. After adoption of that resolution, the board's secretary wrote to Van Fossen, informing him that the board had "passed a resolution terminating your employment," and notified Van Fossen that he was entitled to a hearing, which, if requested, would be followed by the board's final decision on the termination of Van Fossen's contract. At the requested hearing, Van Fossen "objected to holding the hearing on the basis that [the board's resolution] established that the board had already made up its mind to terminate [his] employment, thereby making any further hearing meaningless." 228 Neb. at 584-85, 423 N.W.2d at 462. As we noted in *Van Fossen, supra* at 586, 423 N.W.2d at 463:

> Contrary to the view urged by Van Fossen, the language in the letter of April 22, 1985, to the effect that "said board passed a resolution terminating your employment as of the 14th day of August, 1985," is not dispositive of the issue. This statement inaccurately described the board's action but neither transformed an option then under consideration into a decision made nor prejudiced Van Fossen in any way, inasmuch as the letter went on to explain in detail the hearing to which Van Fossen was entitled and the fact that "[f]ollowing a hearing, if one is requested, and in any event on or before the 14th of June, 1985, the board shall meet and by a majority vote of all members of the board make its final decision . . . ."

The minutes of the March 7 meeting contain only an ambiguous reference to a "Reduction in Force at the Nebraska

School for the Deaf." This entry is listed on the "Consent Agenda" as an information item for the March 7 meeting. Although the board apparently received Lutjeharms' memo, containing the recommendation that employment of Heithoff and Luedtke be terminated, nothing in the minutes indicates that any action whatsoever was taken on Lutjeharms' recommendation concerning the teachers' contracts. As we construe Lutjeharms' letters to Heithoff and Luedtke, the correspondence was an attempt to inform the teachers concerning their right to a hearing. Lutjeharms' letters, insofar as they recite or otherwise imply that the board had terminated the teachers' contracts, were an incorrect account of the board's action reflected by the minutes of the meeting on March 7. Whereas Lutjeharms' letters recited that the teachers' contracts would be "terminated" at the end of the school year or expressed "reasons for terminating your teaching contract," the minutes of the board's meeting on March 7, the date on which Heithoff and Luedtke claim that the board made its final decision to terminate their contracts, are silent concerning any action whatsoever taken relative to the teachers' contracts. Lutjeharms' inaccurate description concerning the status of the teachers' contracts is insufficient to establish that the board, before the May 2 hearing, had determined to terminate the teachers' employment contracts, a predetermination which would cast some doubt on the board's impartiality in deciding whether to terminate the contracts and would epitomize "Sentence first—verdict afterward." Thus, we find no evidence to support a finding that the board, on March 7, 1986, reached a final decision to terminate the employment contracts of Heithoff and Luedtke. We must, therefore, reverse the judgment of the district court. We remand this matter to the district court with direction to dismiss the petition of Heithoff and Luedtke and reinstate the order of the State Board of Education, entered on May 2, 1986, which terminated Heithoff's and Luedtke's contracts of employment at the conclusion of the then-current school year.

REVERSED AND REMANDED WITH DIRECTION.