MARVIN KEMPER, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF CORRECTIONAL SERVICES, APPELLEE.

433 N.W.2d 497

Filed December 30, 1988.    No. 87-183.

Terrance A. Poppe, of Hecht, Sweet, Alesio, Morrow, Poppe & Otte, P.C., for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, Marvin Kemper, has appealed from the order of the district court reversing the order of the State Personnel Board, which remanded the cause to the Department of Correctional Services, and affirming the termination of his

employment by the department.

On February 25, 1986, the plaintiff was notified by the superintendent of the Community Corrections Center in Lincoln, Nebraska (Center), that his employment as assistant superintendent of the Center had been terminated effective February 12, 1986, for violation of the following Nebraska personnel rules and regulations: "001.03. Inefficiency, incompetence or negligence in the performance of duties. 001.01. Violation of, or failure to comply with a published rule, regulation, policy or procedure of the Department of Correctional Services."

The termination followed an investigation into reports of misconduct by the plaintiff, concerning gambling at the Center and borrowing money from an inmate. As a result of the investigation, it was concluded that there was cause to believe that the plaintiff knew of gambling activity at the Center between inmates and employees and that the plaintiff had borrowed money from an inmate on one or more occasions.

The following formal statement of charges was served on the plaintiff on February 18, 1986:

Violation #1: Chapter 16, rule 001.03. Inefficiency, incompetence or negligence in the performance of duties. Specifically, evidence indicates that you knowingly allowed gambling to take place in the facility under your supervision. That you openly discussed gambling and participated in its activity with a legal offender under your supervision. That you exchanged money between yourself and Doug Conroy for the purpose of settling gambling winnings.

Violation #2: Chapter 16, rule 001.01. Violation of, or failure to comply with a published rule, regulation, policy or procedure of the Department of Correctional Services. Specifically, evidence indicates that you borrowed money from an inmate in violation of existing regulations and operational memorandum.

Following the investigation, the assistant director of the Center recommended that the employment of the plaintiff be terminated. This recommendation was approved by the director of the Department of Correctional Services. The

plaintiff then appealed to the State Personnel Board.

After a hearing, the State Personnel Board found that the charge relating to the plaintiff's knowledge of or involvement in gambling at the Center was not sustained by the evidence, but that "there is substantial, competent and material evidence that the Appellant borrowed money from an inmate in violation of Agency regulations. Indeed, the Appellant admits having done so. Nevertheless, the Board finds that evidence, in the light of the mitigating circumstances, does not support the termination of Mr. Kemper." The board concluded that the agency was in violation of §§ 16.001 and 16.002 of the state personnel rules and regulations and remanded the matter to the department for "determination of an appropriate, but less severe form of discipline which is consistent with the current State Rules and Regulations." From that order, the plaintiff appealed to the district court.

The district court affirmed the order of the board as to the charges against the plaintiff, reversed the order of the board as to the finding that the department had violated §§ 16.001 and 16.002 and the remand to the department, and affirmed the termination of the plaintiff's employment. The plaintiff has now appealed to this court.

Our review is de novo on the record, as prescribed in Neb. Rev. Stat. § 84-918 (Reissue 1987), which provides:

> An aggrieved party may secure a review of any final judgment of the district court under the Administrative Procedure Act by appeal to the Supreme Court. Such appeal shall be taken in the manner provided by law for appeals to the Supreme Court in civil cases and shall be heard de novo on the record.

As noted by the personnel board in its decision,

> "The authority of the State Personnel Board is to assure that the decision of the agency head was made in good faith and for cause, and to assure that the agency head followed proper procedures under State Personnel and/or agency rules and regulations, labor agreements, or relevant statutes."

Although there is substantial evidence concerning gambling activities at the Center and the failure of the plaintiff to take

appropriate action in regard to such activities, it is unnecessary that we make a new finding in that regard, because the other charge was clearly established. In addition to being a violation of the regulations, the second charge was a violation of Neb. Rev. Stat. § 83-417 (Reissue 1987), which provides that it is a Class IV felony to convey to or from any committed offender any article without the approval of the chief executive officer of the facility.

The appropriate discipline was a matter within the discretion of the director.

The director testified that he decided termination was the appropriate disciplinary action for these reasons:

A. Due to the fact that, by his own admission, that Mr. Kemper had borrowed money from an inmate, and that's in violation of the Code of Ethics and Conduct of the Department. And the fact that he had not — he elected not to enforce the rules that govern the behavior of inmates, rules 5 and 6 of the Department of Correctional Services.

Q. Why did you consider those things to be serious matters?

A. Well, they're rules that have to be followed to maintain discipline and integrity in a correctional facility. The integrity of the facility breaks down when staff elects to have a relationship which deals in any commodities with particular inmates.

And my experience has shown that, once that relationship changes from a supervisor to a person being supervised, that the supervisor tends not to be the type of supervisor that we expect them to be, and treats inmates with preferential treatment, those that they have some type of relationship with; and are, as it's called, dealing with inmates.

The situation was well summarized by the assistant director in his letter of February 25, 1986, to the director, where he stated:

In analyzing the total picture of Mr. Kemper's employment, including his some eleven years in corrections, particularly his several years as an Assistant Superintendent (previously titled Assistant Center

Manager), it was incumbent upon him to exercise leadership and the level of authority of a responsible manager in his personal and employment dealings with staff and inmates; to take all actions necessary to ensure to the best of his professional ability that the rules and regulations of the Department, as they applied to both staff and inmates, were enforced. Mr. Kemper failed to do that.

The judgment of the district court is affirmed.

AFFIRMED.