MARGARET CHAMBERS, APPELLANT, V. DEPARTMENT OF SOCIAL SERVICES, APPELLEE.

442 N.W.2d 369

Filed July 14, 1989.   No. 87-507.

John W. Wynkoop for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Margaret Chambers appeals disciplinary action by her employer, Nebraska Department of Social Services (DSS), which resulted in her being placed on probation for 6 months and receiving a demotion and a 15-percent reduction in salary. We reverse and remand with instructions.

Before the disciplinary action, Chambers was an income maintenance worker III and served in an assistant supervisory capacity. DSS claims that such an employee is required to report changes in the economic status of food stamp recipients as soon as such changes come to the employee's attention, regardless of whether the recipient is a client of the employee. In this case, the alleged recipient was Chambers' functionally illiterate son, Mark. DSS further claims that at the time, the requirement was a well known and published policy and procedure and that Chambers intentionally violated it.

Chambers appealed DSS's disciplinary action to the State Personnel Board. After an evidentiary hearing, that board upheld the sanctions imposed upon the appellant. Chambers then appealed to the Lancaster County District Court. It upheld the personnel board's determination. Thereafter, Chambers timely appealed to this court.

DSS also had charged Chambers with using an agency computer terminal to gain access to her son's file. Since the son's case was not assigned to her, DSS claims that Chambers breached the confidentiality of her son's file and in so doing improperly used the state's computer for her own purpose. In its

brief, DSS takes the position that appellant's use of the computer terminal as a basis for discipline is not an issue in this appeal. DSS states that this alleged violation was not used as a basis for disciplining Chambers.

On appeal to this court, appellant, in summary, complains (1) that the disciplinary action taken against her by DSS was not supported by substantial evidence and was arbitrary and capricious; (2) that the evidence is insufficient to show she violated a known policy of DSS; and (3) that the district court erred in affirming the decision of the State Personnel Board, which had previously affirmed the action of DSS.

The review in the Supreme Court of the judgment of the district court in an appeal from the State Personnel Board is de novo on the record. *Kemper v. State*, 230 Neb. 740, 433 N.W.2d 497 (1988); *Monie v. State Personnel Board*, 229 Neb. 27, 424 N.W.2d 874 (1988). Therefore, we make independent findings of fact without reference to those made by the agency whose action is being reviewed, *Monie v. State Personnel Board, supra*, and *Meier v. State*, 227 Neb. 376, 417 N.W.2d 771 (1988), and reach our decision independent of all dispositions that have gone on before. *Monie v. State Personnel Board, supra*; *Department of Health v. Columbia West Corp.*, 227 Neb. 836, 420 N.W.2d 314 (1988).

On April 23, 1986, Chambers' 18-year-old son, a recipient of food stamps, obtained employment at an Amigo's restaurant. Under DSS rules, he was required to report his new work status to DSS within 10 days because it could affect his eligibility to receive food stamps.

It is undisputed that even though Mark had obtained employment on April 23, 1986, he was still eligible for food stamps during the month of May. If brought to its attention, DSS could make a reduction in Mark's eligibility for the month of June 1986 as late as May 21. At that time, the indicated reduction was from $80 to about $27 per month. The evidence is uncontroverted that Chambers reported to DSS on May 9, 1986, that her son was working at Amigos. There is also evidence that DSS was aware of Mark's employment a day or two after he began work.

DSS claims that it has an unwritten policy that an employee

who learns of a change in eligibility of a food stamp recipient must timely report the change to the agency. Several employees testified that they were aware of the unwritten policy, but their testimony varied as to whether the report had to be made immediately, the next day, or within 24 hours after learning of the eligibility change. Chambers testified she was unaware of the time requirements testified to by other witnesses. None of the witnesses could point to any written memorandum or document that set forth the policy or time requirements. The employee's manual did not contain the policy. None of the witnesses could recall that Chambers was present when a witness was told of the alleged time limitations.

We agree with an Indiana Supreme Court holding that

[i]f appellants had rules or regulations for conducting their business, and which the servant was required to observe, it was their duty to make them known to him. If the servant had no notice of such rules and regulations, he could not be expected to conform his conduct to them.

*Hamilton v. Love*, 152 Ind. 641, 644, 53 N.E. 181, 181-82 (1899).

The U.S. Court of Appeals for the District of Columbia in *Carter v. United States*, 407 F.2d 1238 (D.C. Cir. 1968), embraced the holding in *Hamilton v. Love, supra.* The appeals court recognized that "[b]asic in our jurisprudence is the principle that rules must be known. That principle is fully applicable where the reasonableness of employer action is challenged." *Carter, supra* at 1246 n.22. Under *Carter*, an employee's knowledge may rest upon fair implication, even though not made express.

Just because some or most employees are aware of an unwritten rule or policy does not support a conclusion that a particular employee is aware of the alleged rule or policy. Here, it was not proven that Chambers was aware of any time requirement policy in regard to reporting a recipient's change in eligibility to receive food stamps. In reviewing the evidence, we find no fair implication can be drawn that Chambers had actual or constructive notice of the time requirements.

As previously stated, it is uncontroverted that Chambers reported Mark's employment on May 9, 1986. Chambers'

report was filed in sufficient time for DSS to make a reduction in Mark's eligibility for food stamps for the month of June. Under DSS rules, no reduction could have been made for the month of May.

Basically, DSS charged Chambers with failing to make a timely report of her son's employment. Unless a definite time period is established, a requirement that an employee must make a timely report is ambiguous. In the context of this case, absent proof that an employee has notice that "a timely report" means within a specified time, "a timely report" means prior to the time the employer must act upon the report.

Since proof is lacking that Chambers had actual or constructive notice of a specific time requirement and since her report of her son's employment was well within the time that DSS was required to act, we find that there was no basis for finding Chambers violated DSS policy. Therefore, no sanctions should have been imposed upon her.

The judgment of the Lancaster County District Court is reversed and remanded with instructions to reverse the decisions of the State Personnel Board and DSS and to dismiss the charges against Chambers. We further direct the district court to order DSS to reinstate Chambers to the position of income maintenance worker III, to pay her back wages, to strike her probation status, and to remove the finding of an alleged violation of DSS policy as charged from her employee file.

REVERSED AND REMANDED WITH DIRECTIONS.