DARLENE PERCIVAL, APPELLANT, V. DEPARTMENT OF CORRECTIONAL SERVICES ET AL., APPELLEES.

446 N.W.2d 211

Filed September 29, 1989.    No. 88-100.

Robert Wm. Chapin, Jr., of Mowbray, Chapin & Walker, P.C., for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe. for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Darlene Percival appeals from the judgment of the district court for Lancaster County which affirmed the decision of the State Personnel Board of the State of Nebraska regarding Percival's demotion and transfer within the Department of Correctional Services (department).

In an appeal from a judgment pursuant to the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1987), the Supreme Court tries factual questions de novo on the record and reaches a conclusion independent of the trial court's findings. *Heithoff v. Nebraska State Bd. of Ed.*, 230 Neb. 209, 430 N.W.2d 681 (1988); *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985).

Before the disciplinary action reviewed in this appeal, Percival was the assistant superintendent at the Nebraska Center for Women (NCW) in York, Nebraska, and became acquainted with Carolyn Stansberry, an inmate at NCW. In June 1986, Stansberry was released from NCW on parole to a halfway house in Hastings, Nebraska. In June and July of 1986, Percival visited Stansberry on four occasions, some of which related to Alcoholics Anonymous meetings, while other visits were social. On June 30, 1986, Percival wrote a check to Stansberry in the amount of $350 for Stansberry's purchase of an automobile. Percival's personal contacts with Stansberry and the automobile loan were not authorized by the parole administration and were not disclosed by Percival to her supervisor at NCW.

On August 19, Percival was charged with violating the department's administrative regulation No. 112.31A1, which

provides:

> No employee will give, accept, or exchange property, services, or favors with an inmate or parolee or with the friends or relatives of an inmate or parolee outside the scope of the employee's official duties. No employee will fraternize with an inmate or parolee or with friends or relatives of an inmate or parolee. If an employee has reason to believe that he or she may have violated one of the provisions of this section, the employee shall immediately notify his or her chief executive officer in writing. The chief executive officer of each institution may permit exceptions to the prohibitions set out in his [sic] paragraph, after considering all relevant information.

She was also charged with violating 273 Neb. Admin. Code, ch. 13, § 001 (1986), of the state's classified personnel rules and regulations, which states in part: "Appropriate disciplinary action may be taken for any of the following offenses: 001.01 Violation of, or failure to comply with, State constitution or statute; an executive order; published rules, regulations, policies or procedures of the employing agency or the State of Nebraska Classified Personnel System."

After a hearing on the charges against Percival, a departmental committee found that Percival had violated the department's administrative regulation No. 112.31A1 and § 001.01 of the state's rules and regulations. The superintendent of NCW sent a letter to Percival on September 19, 1986, which letter, as notice of departmental disciplinary action, stated that on account of the violation of departmental regulation No. 112.31A1 and the state rule, § 001.01, Percival was demoted in rank and grade from assistant superintendent II, grade 15, to unit manager, grade 13, and was transferred to the Lincoln Correctional Center. Also, Percival's salary was reduced by 10 percent, and she was put on 6 months' probation regarding her new position at Lincoln.

Percival appealed to the State Personnel Board, which, after a hearing, affirmed the disciplinary action imposed by the department. Percival then appealed to the district court for Lancaster County, which affirmed the State Personnel Board's

decision.

Percival does not contend that there is no rational relationship between the conduct proscribed by regulation No. 112.31A1 and legitimate departmental purposes or activities. Rather, Percival concedes that her conduct violated regulation No. 112.31A1, but argues that the nature and degree of the imposed discipline were contrary to the state's policy on progressive discipline of state employees, the departmental disciplinary action was arbitrary, and the imposed discipline is disproportionate to the infraction.

The state's personnel rules and regulations provide under 273 Neb. Admin. Code, ch. 13 (1986):

> 003 <u>Disciplinary Actions</u>. The following types and levels of disciplinary actions are prescribed in a progressive manner, however, the nature and severity of the violation will dictate the level of discipline imposed. More severe levels of disciplinary action may be imposed when a lesser action is deemed inadequate or has not achieved the desired results. . . .
>
> 003.01 The type and extent of disciplinary action shall be governed by the nature, severity and effect of the offense; the type and frequency of previous offenses; the period of time elapsed since a prior offensive act; and consideration of extenuating circumstances.

Administrative regulation No. 112.6 of the department provides in part:

> IV. This Department advocates the principle of progressive discipline when it is possible. Unless the security of the program is compromised or the employee has committed an offense of serious magnitude, all employees should be given the opportunity to improve and discipline should be progressive in nature.

Under administrative regulation No. 112.6, an employee's conduct which compromises the security of a departmental program or constitutes an offense of "serious magnitude" renders the progressive discipline policy inapplicable. In *Kemper v. State*, 230 Neb. 740, 433 N.W.2d 497 (1988), this court recognized that a financial transaction between a member of a correctional facility's staff and an inmate of the facility

may impair the integrity and security of the facility. In *Kemper*, the discipline imposed was termination of employment rather than progressive discipline. Although progressive discipline of a correctional facility's employee is authorized under both the state rule and departmental regulation, whether progressive discipline should be imposed and implemented is discretionary with the director of the department. We find no reason to overturn the discretionary exercise of disciplinary action taken by the director of the department.

A commission's or agency's action is arbitrary if taken in disregard of facts or circumstances and without some basis which would lead a reasonable person to the same conclusion. *In re Application of Renzenberger, Inc.*, 225 Neb. 30, 402 N.W.2d 294 (1987); *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985); *In re Appeal of Levos*, 214 Neb. 507, 335 N.W.2d 262 (1983). Our de novo review of the record discloses relevant evidence substantiating Percival's infraction of the departmental regulation prohibiting a financial transaction between a correctional facility employee and a parolee of NCW. Moreover, Percival has admitted her infraction of the state rule and departmental regulation prohibiting the described financial transaction.

Percival next claims that the discipline imposed is disproportionate to the infraction, especially since there was no injury to the security or departmental program at NCW. The record reflects that on at least four occasions before disciplining Percival, the department terminated employment of personnel who had violated the same rules and regulations which were the bases for the disciplinary action against Percival. The record also shows that, but for Percival's satisfactory work history, her employment might have been terminated. We are unable to conclude that the discipline imposed is disproportionate to the infraction examined in this appeal.

Finally, Percival asserts that because her actions caused no "residual harm" to the department, the discipline was excessive. Percival knew about the regulation prohibiting financial transactions and fraternization with Stansberry as an NCW parolee. Yet, Percival violated the department's rules.

Under the circumstances, actual harm is not required to impose discipline; an employee's violation of a departmental rule, thereby compromising the security or integrity of NCW, is sufficient for disciplinary action. The fact that no adverse effect resulted from Percival's conduct does not preclude discipline under the circumstances.

The district court's judgment, affirming the decision of the State Personnel Board, is, therefore, affirmed.

AFFIRMED.